FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
**Sep 8, 2021, 9:54pm**
Michelle Rynne, Clerk of Court

1  Chief Faamuli Pete Faamuli,
2  Michael S. Kirk aka Candyman,
3  Steven Jay Pincus Hueter aka Tao
4  Faamuli Pete Faamuli Residence,
5  Alega Village, East Side, Sua District #5, American Samoa
6  Mailing Address: P.O. Box 2301, American Samoa 96799,
7  City and County: Pago Pago, State and Zip Code:  American Samoa, 96799,
8  Telephone Number: (+1 684) 622-5530, 731-7100, 252-0552
9  E-mail Address: Tui.Majope@gmail.com, TisaFaamuli29@gmail.com,
10  Candymann6869@gmail.com,
11  TaoLovesTau@gmail.com, SamoanLivesMatter@gmail.com
12  Plaintiffs *pro se*
13
14                  IN THE UNITED STATES DISTRICT COURT
15                      FOR THE DISTRICT OF HAWAII
16                            TRIAL DIVISION
17

| | |
|---|---|
| Steven Jay Pincus Hueter aka Tao Plaintiff,<br>                                    and,<br>Chief Faamuli Pete Faamuli Plaintiff,<br>                                    and,<br>Michael S. Kirk aka Candyman Plaintiff,<br>                        -against-.<br><br>AST Telecomm LLC,<br>d/b/a Bluesky Communications,<br>    Defendant,              and,<br>Raj Deo,<br>as an individual,<br>and in his official capacity as former CEO and Country Manager and CTO of AST Telecom LLC,<br>    Defendant,              and,<br><br>Paul Michael Young,<br>as an individual,<br>and in his official capacity as former COO of AST Telecom LLC,<br>    Defendant,<br>                              and,<br>Justin Tuiasosopo,<br>as an individual, | Case No. __CV 21-00377 KJM__<br><br>**VERIFIED COMPLAINT**<br>**For Violation of Federal Pollution Laws**<br>**And**<br>**For Violation of Federal Environmental Protection Laws**<br>**And**<br>**For Violation of Federal Endangered Species Protection Laws**<br>**And**<br>**For Violation of Federal Marine Sanctuary Protection Laws**<br>**And**<br>**For Injunctive Relief**<br>**And**<br>**For Declaratory Relief And Judgement**<br>**And**<br>**For Other Relief**<br>**RELATING TO**<br>**A PRIVATE ALEGA**<br>**MARINE PROTECTED AREA**<br>**ESTABLISHED IN ~1985** |

and in his official capacity as present
CEO of AST Telecom LLC,
Defendant,
                                    and,
John/Jane Doe(s) 1-10,
as an individual,
and in his/her official capacity
as officers, employees, members of the
Board of Directors, or agents
of AST Telecom LLC or its parent
Corporation(s),
        Defendants.
                                    and,
American Samoa
Telecommunications Authority,
("ASTCA")
        Defendant,
                                    and,
Chuck Leota
as an individual, and in his/her
official capacity as
former CEO of American Samoa
Telecommunications
Authority,      ("ASTCA")
        Defendant,
                                    and,
FALA SUALEVAI,
as an individual, and in his/her
official capacity as
former CEO of American Samoa
Telecommunications
Authority,      ("ASTCA")
        Defendant,
                                    and,
American Samoa Power
Authority,  ("ASPA")
        Defendant,
                                    and,
WALLON YOUNG,
as an individual, and in his/her
official capacity as Executive Director of
American Samoa Power
Authority,  ("ASPA")
        Defendant,
                                    and,

With
Appendix A – The Existing Network of
Marine Protected Areas in American
Samoa

With

Appendix B – Bluesky Detritus, prepared
for HCLT 28-2020

With

Appendix C – Affidavits In Support

With

Appendix D – 1944 CASE Granting Alega
Land Rights To Faamuli Family

(Non-Prisoner Complaint)

**Jury Trial**: ☐ Yes    ☐ **X  No**
*(check one)*

RENO VIVAO,
as an individual, and in his/her
official capacity as COO of
American Samoa Power
Authority,  ("ASPA")
     Defendant,
                   and,
RYAN TUATO'O,
as an individual, and in his/her
official capacity as Customer Service
Manager of American Samoa Power
Authority,  ("ASPA")
     Defendant,
                   and,
Fonoti Perelini, and
Daniel King, and
Peter Crispin, and
Solip Hong, and
Isabel Hudson,
each as an individual,
and in his/her
official capacity as
MEMBERS OF THE BOARD
OF DIRECTORS of
American Samoa Power
Authority,  ("ASPA")
and
BOARD OF DIRECTORS of ASPA
     Defendants,
                   and,
American Samoa Government
     Defendant,
                   and,
Lolo Matalasi Moliga,
as an individual, and in his official
capacity as former Governor of
American Samoa,
     Defendant,
                   and,
Lemanu Palepoi Sialega Mauga,
as an individual, and in his official
capacity as Governor and former Lt.
Governor of American Samoa,
     Defendant,
                   and,

Talauega Eleasalo Va'alele Ale,
as an individual, and in his official
capacity as Lt. Governor of American
Samoa,

        Defendant,          and,

Iulogologo Joseph Pereira,
as an individual, and in his official
capacity as former Executive Assistant to
Governor of American Samoa,

        Defendant,          and,

Fiu J. Saelua,
as an individual, and in his official
capacity as former Chief of Staff of the
Governor of American Samoa,

        Defendant,          and,

Tuimavave Tauapai Laupola,
as an individual, and in his official
capacity as Chief of Staff of the
Governor of American Samoa,

        Defendant,          and,

Fainu'ulelei Falefatu Alailima Utu,
as an individual, and in his official
capacity as Attorney General of
American Samoa,

        Defendant,          and,

Mitzie Jessop Ta'ase
as an individual, and in her official
capacity as former Attorney General of
American Samoa,

        Defendant,          and,

John/Jane Doe(s) 1-10
as an individual
and in his/her official capacity
as officers, employees, or agents
of A.S.T.C.A or A.S.P.A or the
American Samoa Government

        Defendants,

                and,

Lealaialoa Fritz Michael Kruse,
as an individual, and in his official
capacity as Chief Justice Of American
Samoa, Federal Employee,
      Defendant,          and,

James L Mcguire, as an individual,
      Defendant,          and,

Secretary of the Interior,
as an individual and in her official
capacity,
      Defendant,          and,

Martha Williams,
Deputy Director Of The US Fish and
Wildlife Service,
as an individual and in his/her official
capacity,
      Defendant,          and,

US Fish and Wildlife Service
      Defendant,          and,

American Samoa Environmental
Protection Agency,
      Defendant,          and,

Administrator Of American Samoa
Environmental Protection Agency,
as an individual and in his/her official
capacity,
      Defendant,          and,

US Environmental Protection Agency,
      Defendant,          and,

Administrator of US Environmental
Protection Agency,
as an individual and in his/her official
capacity,
      Defendant.

1
2
3
4

**The Parties to This Complaint**

**A. The Plaintiff(s)**

Plaintiff pro se

Name: Steven Jay Pincus Hueter aka Tao

Details for Steven Jay Pincus Hueter aka Tao :

Caretaker of the Alega Private Marine Protected Area,

Resident of Alega Village in American Samoa, Officer of Alega Village

Corporation, President of Alega Preservation Institute, a 501(c)(3) Public

Charity, incorporated in American Samoa, and one of the individual

caretakers of an official private Alega Marine and Wildlife Sanctuary and

Reserve in Alega Village, American Samoa.

Mailing Address: P.O. Box 997987, American Samoa 96799

City and County: Pago Pago

State and Zip Code:  American Samoa, 96799

Telephone Number: +1 684 252 0552

E-mail Address: TaoLovesTau@gmail.com


Plaintiff pro se

Name: Chief Faamuli Pete Faamuli

Details for Faamuli Pete Faamuli :

Caretaker of the Alega Private Marine Protected Area,

Officially certified and registered Chief ( in Samoan – " Sa'O " )

of the Faamuli Family, and official Chief (Sa'O) of Alega Village that

manages the Alega Private Marine Reserve,

Resident of American Samoa, Authorized Representative for Communal

Land in Alega Village,

Associate of Alega Preservation Institute, a 501(c)(3) Public Charity,

incorporated in American Samoa

that is caretaker of an official private Alega Marine and Wildlife Sanctuary

and Reserve in Alega Village, American Samoa.

Mailing Address: P.O. Box 2301, American Samoa 96799

City and County: Pago Pago

State and Zip Code:  American Samoa, 96799

Telephone Number: +1 684 622 5530

E-mail Address: Tui.Majope@gmail.com


Plaintiff pro se

Name: Michael S. Kirk aka "Candyman"

Details for Michael S. Kirk aka "Candyman" :

Caretaker of the Alega Private Marine Protected Area, Resident of

Alega Village in American Samoa,

Treasurer of Alega Preservation Institute, a 501(c)(3) Public Charity,

incorporated in American Samoa

that is caretaker of an official private Alega Marine and Wildlife Sanctuary

and Reserve in Alega Village, American Samoa.

Mailing Address: P.O. Box 3576, American Samoa 96799
City and County: Pago Pago
State and Zip Code:  American Samoa, 96799
Telephone Number: +1 684 731 7100
E-mail Address: candymann6869@gmail.com, TisaFaamuli29@gmail.com

_____

**B. The Defendant(s)**

**Defendant No. 1**

Name: AST Telecom LLC, d/b/a/ Bluesky Communications

Details for Defendant AST Telecom LLC d/b/a/ Bluesky Communications:
A Delaware Corporation, with FCC License, FCC Filer ID # 831587,
Holding Company: Registration # (CORESID) 0007435902
doing business as Bluesky Communications with principal place of business
in American Samoa

Job or Title: _____n/a_____ (if known)

Street Address: 478 Laufou Shopping Center, PO Box 478

City and County: Pago Pago
State and Zip Code: American Samoa, 96799
Telephone Number: +1-684-699-2759
E-mail Address: as.csc@blueskypacificgroup.com
                          webmaster@bluesky.as_____ (if known)
☐ X Individual capacity  ☐ X Official capacity

**Defendant No. 2**

Name: RAJ DEO

Details for Defendant RAJ DEO :
Former CEO and Country Manager and Chief Technical Officer ("CTO") of
AST Telecom LLC d/b/a/ Bluesky Communications,  A Delaware
Corporation, with FCC License, FCC Filer ID # 831587, Holding
Company: Registration # (CORESID) 0007435902 doing business as
Bluesky Communications, with principal place of business in American
Samoa, Resident of American Samoa

Job or Title: __ former CEO and Country Manager and CTO ___ (if known)

Street Address: 478 Laufou Shopping Center, PO Box 478

City and County: Pago Pago
State and Zip Code: American Samoa, 96799
Telephone Number: +1-684-699-2759
E-mail Address: __rdeo@blueskypacificgroup.com_____ (if known)
☐ X Individual capacity  ☐ X Official capacity

**Defendant No. 3**

Name: <u>PAUL MICHAEL YOUNG</u>

Details for Defendant <u>PAUL MICHAEL YOUNG :</u>

<u>Present or former COO of AST Telecom LLC d/b/a/ Bluesky</u>
<u>Communications, A Delaware Corporation, with FCC License, FCC Filer</u>
<u>ID # 831587, Holding Company: Registration # (CORESID) 0007435902</u>
<u>doing business as Bluesky Communications, with principal place of</u>
<u>business in American Samoa, Resident of American Samoa</u>

Job or Title: __present or former COO__ (if known)

Street Address: <u>478 Laufou Shopping Center, PO Box 478</u>

City and County: <u>Pago Pago</u>
State and Zip Code: <u>American Samoa, 96799</u>
Telephone Number: <u>+1-684-699-2759</u>
E-mail Address: <u>pmyoung@blueskypacificgroup.com</u>
              <u>pmy.ideas@gmail.com</u>         (if known)
☐ X Individual capacity   ☐ X Official capacity


**Defendant No. 4**

Name: <u>JUSTIN TUIASOSOPO</u>

Details for Defendant <u>JUSTIN TUIASOSOPO :</u>

<u>CEO of AST Telecom LLC d/b/a/ Bluesky Communications since on or</u>
<u>about January 15, 2021,  A Delaware Corporation, with FCC License, FCC</u>
<u>Filer ID # 831587, Holding Company: Registration # (CORESID)</u>
<u>0007435902 doing business as Bluesky Communications, with principal</u>
<u>place of business in American Samoa, Resident of American Samoa</u>

Job or Title: __CEO__ (if known)

Street Address: <u>478 Laufou Shopping Center, PO Box 478</u>

City and County: <u>Pago Pago</u>
State and Zip Code: <u>American Samoa, 96799</u>
Telephone Number: <u>+1-684-699-2759</u>
E-mail Address: __<u>jtuiasosopo@blueskypacificgroup.com</u>____ (if known)
☐ X Individual capacity   ☐ X Official capacity


**Defendant No. 5-15**

Name: <u>John/Jane Doe(s) 1-10</u>

Details for Defendant <u>John/Jane Doe(s) 1-10 :</u>

<u>Officers, employees, members of the board of Directors or agents of AST</u>
<u>Telecom LLC d/b/a/ Bluesky Communications, or parent corporation(s)</u>
Job or Title: __<u>Officer, Employee, member of Board of Directors, or Agent</u>
___ (if known)

Street Address: <u>478 Laufou Shopping Center, PO Box 478</u>

City and County: <u>Pago Pago</u>
State and Zip Code: <u>American Samoa, 96799</u>

1  Telephone Number: +1-684-699-2759
2  E-mail Address: as.csc@blueskypacificgroup.com
3          webmaster@bluesky.as_____ (if known)
4  ☐ X Individual capacity   ☐ X Official capacity
5
6  **Defendant No. 6**
7  Name: American Samoa Telecommunications Authority ("ASTCA")
8  Details for Defendant American Samoa Telecommunications Authority
9  ("ASTCA"):
10 An American Samoa Government Telecommunications Authority, with
11 FCC License, FCC Filer ID # 812534, Registration # (CORESID)
12 0001726488
13 Job or Title: _____n/a_____ (if known)
14 Street Address: Aleki Seni Sr. Telecommunications Center, PO Box M,
15 City and County: Tafuna
16 State and Zip Code: American Samoa, 96799
17 Telephone Number: +1-684-699-3000, 699-1121 ext. 101
18 E-mail Address: customerservice@astca.net_____ (if known)
19 ☐ X Individual capacity   ☐ X Official capacity
20
21 **Defendant No. 7**
22 Name: Fala Sualevai
23 Details for Defendant Fala Sualevai :
24 Former CEO of American Samoa Telecommunications Authority
25 ("ASTCA"), since on or about July, 2020:
26 An American Samoa Government Telecommunications Authority, with
27 FCC License, FCC Filer ID # 812534, Registration # (CORESID)
28 0001726488
29 Job or Title: _____CEO_____ (if known)
30 Street Address: Aleki Seni Sr. Telecommunications Center, PO Box M,
31 City and County: Tafuna
32 State and Zip Code: American Samoa, 96799
33 Telephone Number: +1-684-699-3000, 699-1121 ext. 101
34 E-mail Address: __fala.sualevai@astca.net_____ (if known)
35 ☐ X Individual capacity   ☐ X Official capacity
36
37 **Defendant No. 8**
38 Name: Chuck Leota
39 Details for Defendant Chuck Leota :
40 CEO of American Samoa Telecommunications Authority ("ASTCA"),
41 since on or about July, 2020:
42 An American Samoa Government Telecommunications Authority, with
43 FCC License, FCC Filer ID # 812534, Registration # (CORESID)

0001726488

Job or Title: _____CEO_____ (if known)

Street Address: Aleki Seni Sr. Telecommunications Center, PO Box M,

City and County: Tafuna

State and Zip Code: American Samoa, 96799

Telephone Number: +1-684-699-3000, 699-1121 ext. 101

E-mail Address: ___chuck.leota@astca.net_____ (if known)

☐ X Individual capacity  ☐ X Official capacity


**Defendant No. 9**

Name: American Samoa Power Authority ("ASPA")

Details for Defendant American Samoa Power Authority ("ASPA"):

An American Samoa Government Power Authority,

Job or Title: _____n/a_____ (if known)

Street Address: ASPA Building, 1st Airport Road, Tafuna, PO Box PPB

City and County: Pago Pago

State and Zip Code: American Samoa, 96799

Telephone Number: +1-684-699-1234

E-mail Address: _____n/a_____ (if known)

Web: WWW.ASPOWER.COM

☐ X Individual capacity  ☐ X Official capacity


**Defendant No. 10**

Name: WALLON YOUNG

Details for Defendant WALLON YOUNG:

Executive Officer of American Samoa Power Authority ("ASPA"),

An American Samoa Government Power Authority,

Job or Title: _____EXECUTIVE OFFICER_____ (if known)

Street Address: ASPA Building, 1st Airport Road, Tafuna, PO Box PPB

City and County: Pago Pago

State and Zip Code: American Samoa, 96799

Telephone Number: +1-684-699-1234

E-mail Address: ___Wallon@aspower.com_____ (if known)

Web: WWW.ASPOWER.COM

☐ X Individual capacity  ☐ X Official capacity


**Defendant No. 11**

Name: RENO VIVAO

Details for Defendant RENO VIVAO:

COO of American Samoa Power Authority ("ASPA"),

An American Samoa Government Power Authority,

Job or Title: _____COO_____ (if known)

Street Address: <u>ASPA Building, 1st Airport Road, Tafuna, PO Box PPB</u>

City and County: <u>Pago Pago</u>

State and Zip Code: <u>American Samoa, 96799</u>

Telephone Number: <u>+1-684-699-1234</u>

E-mail Address: <u>              n/a              </u> (if known)

Web: <u>WWW.ASPOWER.COM</u>

☐ X  Individual capacity   ☐ X  Official capacity


**Defendant No. 12**

Name: <u>RYAN TUATO'O</u>

Details for Defendant <u>RYAN TUATO'O:</u>

<u>Customer Service Manager of American Samoa Power Authority ("ASPA"),</u>

<u>An American Samoa Government Power Authority,</u>

Job or Title: <u>         Customer Service Manager         </u> (if known)

Street Address: <u>ASPA Building, 1st Airport Road, Tafuna, PO Box PPB</u>

City and County: <u>Pago Pago</u>

State and Zip Code: <u>American Samoa, 96799</u>

Telephone Number: <u>+1-684-699-1234</u>

E-mail Address: <u>   ryant@aspower.com   </u> (if known)

Web: <u>WWW.ASPOWER.COM</u>

☐ X  Individual capacity   ☐ X  Official capacity


**Defendants No. 13-18**  Names:

13) Fonoti Perelini, and

14) Daniel King, and

15) Peter Crispin, and

16) Solip Hong, and

17) Isabel Hudson,

18) Board Of Directors of ASPA

Details for Defendants

13) Fonoti Perelini, 14) Daniel King, 15) Peter Crispin,

16) Solip Hong, and 17) Isabel Hudson,

<u>MEMBERS OF THE BOARD OF DIRECTORS of</u>

<u>American Samoa Power Authority ("ASPA"),</u>

<u>An American Samoa Government Power Authority,</u>

and 18) <u>BOARD OF DIRECTORS OF ASPA</u>

Job or Title: <u>_BOARD OF DIRECTORS_</u> (if known)

Street Address: <u>ASPA Building, 1st Airport Road, Tafuna, PO Box PPB</u>

City and County: <u>Pago Pago</u>

State and Zip Code: <u>American Samoa, 96799</u>

Telephone Number: <u>+1-684-699-1234</u>

E-mail Address: <u>              n/a              </u> (if known)

Web: WWW.ASPOWER.COM
☐ X Individual capacity  ☐ X Official capacity

**Defendants No. 19-29**

Name: John/Jane Doe(s) 19-29

Details for Defendant John/Jane Doe(s) 19-29 :

Officer, employee, member of the board of directors, or agent of

ASTCA, ASPA, or American Samoa Government

Job or Title:  Officer, Employee, Member of Board of Directors,

     or Agent_____ (if known)

Street Address:  _____n/a_____

City and County: Pago Pago

State and Zip Code: American Samoa, 96799

Telephone Number: _____n/a_____

E-mail Address: _____n/a_____ (if known)

☐ X Individual capacity  ☐ X Official capacity

**Defendant No. 30**

Name: American Samoa Government (hereinafter ("ASG")

Details for Defendant American Samoa Government:

Job or Title: _____n/a_____ (if known)

Street Address: Office of the Governor, 3rd Floor, EOB Building, Utulei

City and County: Pago Pago

State and Zip Code: American Samoa, 96799

Telephone Number: +1-684-633-4116

E-mail Address:  americansamoagovernment@gmail.com__

     info@go.as.gov_____ (if known)

Web: WWW.AMERICANSAMOA.GOV

☐ X Individual capacity  ☐ X Official capacity

**Defendant No. 31**

Name: Lolo Matalasi Moliga

Details for Lolo Matalasi Moliga:

Job or Title:  former Governor  (if known)

Street Address: Office of the Governor, 3rd Floor, EOB Building, Utulei

City and County: Pago Pago

State and Zip Code: American Samoa, 96799

Telephone Number: +1-684-633-4116

E-mail Address:  americansamoagovernment@gmail.com

     info@go.as.gov_____ (if known)

Web: WWW.AMERICANSAMOA.GOV

☐ X Individual capacity  ☐ X Official capacity

**Defendant No. 32**

Name: <u>Lemanu Palepoi Sialega Mauga</u>

Details for <u>Lemanu Palepoi Sialega Mauga:</u>

Job or Title: <u>  former Lt. Governor, present Governor  </u>  (if known)

Street Address: <u>Office of the Governor, 3rd Floor, EOB Building, Utulei</u>

City and County: <u>Pago Pago</u>

State and Zip Code: <u>American Samoa, 96799</u>

Telephone Number: <u>+1-684-633-4116</u>

E-mail Address: <u>  americansamoagovernment@gmail.com  </u>
<u>     info@go.as.gov                </u> (if known)

Web: <u>WWW.AMERICANSAMOA.GOV</u>

☐ X Individual capacity  ☐ X Official capacity

**Defendant No. 33**

Name: <u>Talauega Eleasalo Va'alele Ale</u>

Details for <u>Talauega Eleasalo Va'alele Ale:</u>

Job or Title: <u>  former Attorney General, present Lt. Governor  </u>  (if known)

Street Address: <u>Office of the Governor, 3rd Floor, EOB Building, Utulei</u>

City and County: <u>Pago Pago</u>

State and Zip Code: <u>American Samoa, 96799</u>

Telephone Number: <u>+1-684-633-4116</u>

E-mail Address: <u>  americansamoagovernment@gmail.com  </u>
<u>     info@go.as.gov               </u> (if known)

Web: <u>WWW.AMERICANSAMOA.GOV</u>

☐ X Individual capacity  ☐ X Official capacity

**Defendant No. 34**

Name: <u>Iulogologo Joseph Pereira</u>

Details for <u>Iulogologo Joseph Pereira</u>

Job or Title: <u>  former Executive Assistant to Governor  </u>  (if known)

Street Address: <u>Office of the Governor, 3rd Floor, EOB Building, Utulei</u>

City and County: <u>Pago Pago</u>

State and Zip Code: <u>American Samoa, 96799</u>

Telephone Number: <u>+1-684-633-4116</u>

E-mail Address: <u>  americansamoagovernment@gmail.com  </u>
<u>          info@go.as.gov              </u> (if known)

Web: <u>WWW.AMERICANSAMOA.GOV</u>

☐ X Individual capacity  ☐ X Official capacity

**Defendant No. 35**

Name: Fiu J. Saelua

Details for Fiu J. Saelua

1   Job or Title: _ former Chief Of Staff to Governor _ (if known)
2   Street Address: Office of the Governor, 3rd Floor, EOB Building, Utulei
3   City and County: Pago Pago
4   State and Zip Code: American Samoa, 96799
5   Telephone Number: +1-684-633-4116
6   E-mail Address: _ americansamoagovernment@gmail.com _
7   ___ info@go.as.gov _____ (if known)
8   Web: WWW.AMERICANSAMOA.GOV
9   ☐ X Individual capacity   ☐ X Official capacity
10
11   **Defendant No. 36**
12   Name: Tuimavave Tauapai Laupola,
13   Details for Tuimavave Tauapai Laupola,
14   Job or Title: _ Chief Of Staff to Governor _ (if known)
15   Street Address: Office of the Governor, 3rd Floor, EOB Building, Utulei
16   City and County: Pago Pago
17   State and Zip Code: American Samoa, 96799
18   Telephone Number: +1-684-633-4116
19   E-mail Address: _ americansamoagovernment@gmail.com _
20   ___ info@go.as.gov _____ (if known)
21   Web: WWW.AMERICANSAMOA.GOV
22   ☐ X Individual capacity   ☐ X Official capacity
23
24   **Defendant No. 37**
25   Name: Fainu'ulelei Falefatu Alailima Utu
26   Details for Fainu'ulelei Falefatu Alailima Utu
27   Job or Title: _ Attorney General _ (if known)
28   Street Address: Office of the Attorney General, 3rd Floor, EOB Building,
29   City and County: Utulei, Pago Pago
30   State and Zip Code: American Samoa, 96799
31   Telephone Number: +1-684-633-4163
32   E-mail Address: _ americansamoagovernment@gmail.com _
33   ___ ag@la.as.gov _____ (if known)
34   ___ fatuautu@la.as.gov _____ (if known)
35   Web: WWW.AMERICANSAMOA.GOV
36   ☐ X Individual capacity   ☐ X Official capacity
37
38   **Defendant No. 38**
39   Name: Mitzie Jessop Taase
40   Details for Mitzie Jessop Taase
41   Job or Title: _ former Attorney General, present Counsel to Fono _ (if known)
42   Street Address: Office of the Attorney General, 3rd Floor, EOB Building,
43   Utulei

City and County: <u>Pago Pago</u>
State and Zip Code: <u>American Samoa, 96799</u>
Telephone Number: <u>+1-684-633-4163</u>
E-mail Address: <u>  americansamoagovernment@gmail.com  </u>
              <u>  ag@la.as.gov              </u> (if known)
Web: <u>WWW.AMERICANSAMOA.GOV</u>
☐ **X** Individual capacity  ☐ **X** Official capacity


**Defendant No. 39**  Name: <u>Lealaialoa Fritz Michael Kruse</u>

Job or Title: <u>Chief Justice Of American Samoa           </u> (if known)

Street Address: <u>High Court Of American Samoa</u>

             <u>Route 1, Fagatogo, PO Box 309</u>

City and County: <u>Pago Pago</u>
State and Zip Code: <u>American Samoa, 96799</u>
Telephone Number: +1-684-633-4134
E-mail Address: <u>hcourtstaffcounsel@gmail.com          </u> (if known)
☐ **X** Individual capacity  ☐ **X** Official capacity


**Defendant No. 40**  Name: <u>James L. Mcguire</u>

Job or Title: <u>Legal Practitioner                        </u>(if known)

Street Address: <u>PO Box 1180</u>

City and County: <u>Pago Pago</u>
State and Zip Code: <u>American Samoa, 96799</u>
Telephone Number: +1-684-733-7770
E-mail Address: <u>JamesLMcguire@gmail.com          </u> (if known)
☐ **X** Individual capacity  ☐  Official capacity


**Defendant No. 41**  Name: <u>Debra Anne Haaland</u>

Job or Title: <u>Secretary Of The Interior         </u> (if known)

Street Address: <u>Department of The Interior, 1849 C Street N.W.</u>

City and County: <u>Washington DC</u>
State and Zip Code: <u>District Of Columbia, 20240</u>
Telephone Number: <u>+1 202 208 3100</u>
E-mail Address: <u>feedback@ios.doi.gov             </u>(if known)
☐ **X** Individual capacity  ☐ **X** Official capacity


**Defendant No. 42**  Name: <u>Martha Williams</u>

Job or Title: <u>Deputy Director Of US Fish and Wildlife Service </u>(if known)

Street Address: <u>US FISH AND WILDLIFE SERVICE, 1849 C Street N.W.</u>

City and County: <u>Washington DC</u>
State and Zip Code: <u>District Of Columbia, 20240</u>
Telephone Number: <u>+1 800 344 WILD</u>

E-mail Address: __n/a_____(if known)
Web: www.fws.gov
☐ **X** Individual capacity  ☐ **X** Official capacity

**Defendant No. 43**  Name: US FISH AND WILDLIFE SERVICE

Job or Title: US Fish and Wildlife Service  (if known)

Street Address: US FISH AND WILDLIFE SERVICE, 1849 C Street N.W.

City and County: Washington DC

State and Zip Code: District Of Columbia, 20240

Telephone Number: +1 800 344 WILD

E-mail Address: __n/a_____(if known)

Web: www.fws.gov

☐ **X** Individual capacity  ☐ **X** Official capacity

**Defendant No. 44**

Name: American Samoa Environmental Protection Agency

Details for American Samoa Environmental Protection Agency

Job or Title: _____ (if known)

Street Address: AS EPA BUILDING, Utulei

City and County: Pago Pago

State and Zip Code: American Samoa, 96799

Telephone Number: +1-684-633-2304

E-mail Address: __americansamoagovernment@gmail.com___

        ag@la.as.gov       (if known)

        faamao.asalele@epa.as.gov     (if known)

Web: WWW.AMERICANSAMOA.GOV

☐ **X** Individual capacity  ☐ **X** Official capacity

**Defendant No. 45**

Name: Faamao Asalele

Details for Faamao Asalele

Job or Title: __Administrator,_ AS EPA_____ (if known)

Street Address: AS EPA BUILDING, Utulei

City and County: Pago Pago

State and Zip Code: American Samoa, 96799

Telephone Number: +1-684-633-2304

E-mail Address:      faamao.asalele@epa.as.gov      (if known)

Web: WWW.AMERICANSAMOA.GOV

☐ **X** Individual capacity  ☐ **X** Official capacity

**Defendant No. 46**

Name: US Environmental Protection Agency

Details for US Environmental Protection Agency

Job or Title: _____ (if known)

Street Address: US Environmental Protection Agency

Office of the Administrator

Mail Code 1101A

William Jefferson Clinton Building

1200 Pennsylvania Avenue NW

City and County: District of Columbia

State and Zip Code: Washington DC, 20460

Telephone Number: + (202) 564-8040

E-mail Address: _ Regan.Michael@EPA.gov

Web: USEPA.GOV

☐ X Individual capacity   ☐ X Official capacity


**Defendant No. 47**

Name: Michael Regan

Details for Michael Regan

Job or Title: _ Administrator   US Environmental Protection Agency _

____ (if known)

Street Address: US Environmental Protection Agency

Office of the Administrator

Mail Code 1101A

William Jefferson Clinton Building

1200 Pennsylvania Avenue NW

City and County: District of Columbia

State and Zip Code: Washington DC, 20460

Telephone Number: + (202) 564-8040

E-mail Address: _ Michael.Regan@USEPA.gov.com _

Web: USEPA.GOV

☐ X  Individual capacity   ☐ X Official capacity


**II. Basis for Jurisdiction and Venue** (check all that apply)

   ☐ X **YES – 60 DAY NOTICE REQUIRED PRIOR TO CITIZEN SUIT**

      **For Violations Of ESA and MPRSA**


   ☐ X **Under 28 U.S.C. § 1331 Federal Question**

      **Violation of Federal Law, Subject Matter Jurisdiction In District Court of a Federal Question with Damages Exceeding $75,000**

Plaintiffs sue Defendants, for violations of federal law, with damages exceeding $75,000, with subject matter jurisdiction in District Court based on a Federal Question.

## 28 U.S.C. § 1331

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
(June 25, 1948, ch. 646, 62 Stat. 930; Pub. L. 85–554, § 1, July 25, 1958, 72 Stat. 415; Pub. L. 94–574, § 2, Oct. 21, 1976, 90 Stat. 2721; Pub. L. 96–486, § 2(a), Dec. 1, 1980, 94 Stat. 2369.)"

☐ **X    Under 40 C.F.R. et seq, Environmental Protection Laws and Other Federal Anti-Pollution and Environmental Protection Laws (40 C.F.R. et seq)  and Endangered Species Protection Laws (16 U.S.C. Sections 1531-1544 Endangered Species Act), and Marine Protection, Research and Sanctuaries Act (MPRSA) (33 U.S.C. § 1401 et seq), and the Ocean Dumping Act (ODA), and the 1988 Ocean Dumping Ban Act (P.L. 100-688, title I), and Violation of Federal Laws, Subject Matter Jurisdiction of a Federal Question with Damages Exceeding $75,000**

Plaintiffs sue polluting Defendants, for violations of 40 C.F.R. et seq, and other Federal Anti-Pollution and Environmental Protection Laws (40 C.F.R. et seq), and Endangered Species Protection Laws (16 U.S.C. Sections 1531-1544 Endangered Species Act), and Marine Protection, Research and Sanctuaries Act (MPRSA) 33 U.S.C. § 1401 et seq, and the Ocean Dumping Act (ODA), and including violations of the 1988 Ocean Dumping Ban Act (P.L. 100-688, title I), with damages exceeding $75,000, with subject matter jurisdiction in District Court based on a Federal Question.

☐ **X    Under 16 U.S.C. Sections 1531-1544 Endangered Species Act**

Plaintiffs sue polluting Defendants, for violations of the Endangered Species Act 16.U.S.C. Sections 1531-1544, including suit by Plaintiffs for harm by Defendants to the threatened Green Turtle species (Chelonia mydas Linnaeus) and the endangered Hawkbill Turtle species (Eretmochelys imbricata Linnaeus) turtles by the Defendants' pollution and for harm to the habitat of threatened and endangered species turtles on the water and land of the official Alega Private Marine Protected Area in American Samoa, which Plaintiffs manage and own in part.

**16 U.S.C. Sections 1531-1544 Endangered Species Act**
**Section 1540. Penalties and enforcement [ESA Section11]**

(c) District court jurisdiction

The several district courts of the United States, including the courts enumerated in section 460 of Title 28, shall have jurisdiction over any

actions arising under this chapter. **For the purpose of this chapter, American Samoa shall be included within the judicial district of the District Court of the United States for the District of Hawaii.**

(g) Citizen suits

(1) Except as provided in paragraph (2) of this subsection any person may commence a civil suit on his own behalf -

(A) to enjoin any person, including the United States and any other governmental instrumentality or agency (to the extent permitted by the eleventh amendment to the Constitution), who is alleged to be in violation of any provision of this chapter or regulation issued under the authority thereof; or

(B) to compel the Secretary to apply, pursuant to section 1535(g) (2) (B) (ii) of this title, the prohibitions set forth in or authorized pursuant to section 1533(d) or 1538(a) (1) (B) of this title with respect to the taking of any resident endangered species or threatened species within any State; or

(C) against the Secretary where there is alleged a failure of the Secretary to perform any act or duty under section 1533 of this title which is not discretionary with the Secretary.

The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce any such provision or regulation, or to order the Secretary to perform such act or duty, as the case may be. In any civil suit commenced under subparagraph (B) the district court shall compel the Secretary to apply the prohibition sought if the court finds that the allegation that an emergency exists is supported by substantial evidence.

(2)(A) No action may be commenced under subparagraph (1)(A) of this section -

(i) prior to sixty days after written notice of the violation has been given to the Secretary, and to any alleged violator of any such provision or regulation;

(ii) if the Secretary has commenced action to impose a penalty pursuant to subsection (a) of this section; or

(iii) if the United States has commenced and is diligently prosecuting a criminal action in a court of the United States or a State to redress a violation of any such provision or regulation.

(B) No action may be commenced under subparagraph (1)(B) of this section -

(i) prior to sixty days after written notice has been given to the Secretary setting forth the reasons why an emergency is thought to exist with respect to an endangered species or a threatened species in the State concerned; or

(ii) if the Secretary has commenced and is diligently prosecuting action under section 1535(g)(2)(B)(ii) of this title to determine whether any such emergency exists.

(C) No action may be commenced under subparagraph (1) (C) of this section prior to sixty days after written notice has been given to the Secretary; except that such action may be brought immediately after such notification in the case of an action under this section respecting an emergency posing a significant risk to the well-being of any species of fish or wildlife or plants.

(3)(A) Any suit under this subsection may be brought in the judicial district in which the violation occurs.

(B) In any such suit under this subsection in which the United States is not a party, the Attorney General, at the request of the Secretary, may intervene on behalf of the United States as a matter of right.

(4) **The court, in issuing any final order in any suit brought pursuant to paragraph (1) of this subsection, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate.**

(5) The injunctive relief provided by this subsection shall not restrict any right which any person (or class of persons) may have under any statute or common law to seek enforcement of any standard or limitation or to seek any other relief (including relief against the Secretary or a State agency).

☐ **X** **Under 33 U.S.C. § 1401 et seq, Marine Protection, Research and Sanctuaries Act (MPRSA P.L. 92-532) and the 1988 Ocean Dumping Ban Act (ODBA P.L. 100-688, title I)**

Plaintiffs sue polluting Defendants, for violations of the 1972 the Marine Protection, Research and Sanctuaries Act (MPRSA) 33 U.S.C. § 1401 et seq, including violations of Title I, the Ocean Dumping Act (ODA), and including violations of the 1988 Ocean Dumping Ban Act (P.L. 100-688, title I)  for illegally dumping material and cable-related debris into ocean waters and endangering the marine environment and ecological systems with damages exceeding $75,000, with subject matter jurisdiction in District Court based on a Federal Question.

**33 U.S.C. § 1401**

**(a)DANGERS OF UNREGULATED DUMPING**

Unregulated dumping of material into ocean waters endangers human health, welfare, and amenities, and the marine environment, ecological systems, and economic potentialities.

**(b)POLICY OF REGULATION AND PREVENTION OR LIMITATION**

The Congress declares that it is the policy of the United States to regulate the dumping of all types of materials into ocean waters and to prevent or strictly limit the dumping into ocean waters of any material which would adversely affect human health, welfare, or amenities, or the marine environment, ecological systems, or economic potentialities.

(Pub. L. 92–532, § 2, Oct. 23, 1972, 86 Stat. 1052; Pub. L. 93–254, § 1(1), Mar. 22, 1974, 88 Stat. 50.)

**Basis for Venue in at least the District Court of the District of Hawaii**

**16 U.S.C. Sections 1531-1544 Endangered Species Act**
**Section 1540. Penalties and enforcement [ESA Section11]**

(c) District court jurisdiction

The several district courts of the United States, including the courts enumerated in section 460 of Title 28, shall have jurisdiction over any actions arising under this chapter. **For the purpose of this chapter, American Samoa shall be included within the judicial district of the District Court of the United States for the District of Hawaii.**

◻ **X   Basis For Citizen Suits**

- Section 11(g)(1)(A) of the Endangered Species Act (ESA);
- Section 105(g)(2)(A) of the Marine Protection, Research, and Sanctuaries Act (MPRSA, aka Ocean Dumping Act);
- Section 310(a)(2) of the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA); and

◻ **X   Under 28 U.S.C. § 1367**

The Federal Court may exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

**43 U.S. Code § 31b(8) – Definitions**

**43 U.S. Code § 31b(8) STATE**
The term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, the Commonwealth of the Northern Mariana Islands, American Samoa, Guam, and the Virgin Islands.

**42 U.S.C. § 1301(a)(1) (providing that term "State" includes American Samoa for certain subchapters).**

☐ **X   TRANSFER OF PERSONAL PROPERTY TO GOVERNMENT OF AMERICAN SAMOA**

**TRANSFER OF PERSONAL PROPERTY TO GOVERNMENT OF AMERICAN SAMOA**

Pub. L. 96–597, title I, §101, Dec. 24, 1980, 94 Stat. 3477, provided that: "Notwithstanding any other provision of law and subject to valid existing rights, all right, title, and interest of the Government of the United States in personal property situated in American Samoa shall be transferred, without reimbursement, to the American Samoa government on October 1, 1981, unless the agency of the Government of the United States having administrative responsibility for the property advises the Secretary of the Interior in writing before the date of transfer that it has a continuing requirement for such property."

**TRANSFER OF CERTAIN PROPERTY TO GOVERNMENT OF AMERICAN SAMOA**

Pub. L. 87–158, Aug. 17, 1961, 75 Stat. 392, authorized the Secretary of the Navy to transfer, without reimbursement or transfer of funds, to the government of American Samoa, within ninety days after August 17, 1961, title to all property, real and personal, located in American Samoa on that date which was owned by the United States and was within the administrative supervision of the Department of the Navy on such date.

**SUBMERGED LANDS, CONVEYANCE TO TERRITORY**

Conveyance of submerged lands to the government of American Samoa, see section 1701 et seq. of this title.

**EX. ORD. NO. 10264. TRANSFER OF ADMINISTRATION OF AMERICAN SAMOA**

Ex. Ord. No. 10264, eff. June 29, 1951, 16 F.R. 6419, provided:

1. The administration of American Samoa is hereby transferred from the Secretary of the Navy to the Secretary of the Interior, such transfer to become effective on July 1, 1951.

2. The Department of the Navy and the Department of the Interior shall proceed with the plans for the transfer of administration of American Samoa as embodied in the above-mentioned memorandum of understanding between the two departments.

3. When the transfer of administration made by this order becomes effective, the Secretary of the Interior shall take such action as may be necessary and appropriate, and in harmony with applicable law, for the administration of civil government in American Samoa.

4. The executive departments and agencies of the Government are authorized and directed to cooperate with the Departments of the Navy and Interior in the effectuation of the provisions of this order.

5. The said Executive order of February 19, 1900 [Ex. Ord. 125–A], is revoked, effective July 1, 1951.

HARRY S. TRUMAN.

☐ **X   48 U.S. Code § 1705. Tidelands, submerged lands, or filled lands**

**(a)CONVEYANCE TO GUAM, THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, VIRGIN ISLANDS, AND AMERICAN SAMOA**

Subject to valid existing rights, all right, title, and interest of the United States in lands permanently or periodically covered by tidal waters up to but not above the line of mean high tide and seaward to a line three geographical miles distant from the coastlines of the territories of Guam, the Commonwealth of the Northern Mariana Islands, the Virgin Islands, and American Samoa, as heretofore or hereafter modified by accretion, erosion, and reliction, and in artificially made, filled in, or reclaimed lands which were formerly permanently or periodically covered by tidal waters, are hereby conveyed to the governments of Guam, the Commonwealth of the Northern Mariana Islands, the Virgin Islands, and American Samoa, as the case may be, to be administered in trust for the benefit of the people thereof.


Pursuant to 48 U.S.C. § 1705, the ASG does not have right to administer the private beach or tidal area of Alega, as the Sa'O, Chief of Alega, who is now Plaintiff Chief Faamuli Pete Faamuli have valid existing rights to all of Alega Village, due in part to ownership of Alega Village land and water as communal land due to the rights won in a 1944 litigation  (See Appendix [D])  Plaintiff Chief Faamuli Pete Faamuli respectfully requests a Declaration of Rights that the ASG does not have the right to administer the beach or tidal area of Alega, permanently or periodically covered by tidal waters up to but not above the line of mean high tide, as heretofore or hereafter modified by accretion, erosion, and reliction, and in artificially made, filled in, or reclaimed lands which were formerly permanently or periodically covered by tidal waters.


☐ **X   18 U.S.C. §§ 2201 and 2202 Declaratory Judgement Act**


Defendants are sued for Declaratory Relief under 18 U.S.C. §§ 2201 and 2202 Declaratory Judgement Act, as detailed hereunder, and in Section III.


☐ **X     Due to Plaintiff Steven Jay Pincus Hueter aka Tao**
`      **Federal Litigation**
**1:20-cv-03686-TNM PINCUS HUETER v. KRUSE et al**


Due to Plaintiff Steven Jay Pincus Hueter aka Tao Federal litigation 1:20-cv-03686-TNM PINCUS HUETER v. KRUSE et al, against Federal Defendant High Court of American Samoa Chief Justice L. Fritz Michael Kruse, and against Federal Defendant High Court of American Samoa Associate Justice Fiti Alexander Sunia, Plaintiff Tao's litigations in the High Court have been stayed, or suspended pending final resolution of 1:20-cv-03686-TNM PINCUS HUETER v. KRUSE et al, or likely to be suspended.  Therefore, the High Court of American Samoa is not a competent venue for the administration of justice over the present controversy.  The High Court of American Samoa is an Article III Court, and the closest Federal District Court is the District of Hawaii. Therefore, the Federal District Court of the District of Hawaii has both subject matter and personal jurisdiction over the Defendants, and is an appropriate venue for the present controversy.

### III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

### A.  Notice To Defendants

Plaintiffs have served Defendants a 60 Day Notice of Intent To Sue in Federal Court for violations of Federal Law related to Defendants' pollution on the private Alega Marine Protected Area or violations of law.

### B.  Prior Suit Against Defendants

Plaintiffs have already counter-sued AST Telecom associated Defendants by means of a Counterclaim in the High Court of American Samoa Land and Titles Division HCLT 28-2020, and sued in HCCA 03-2021 High Court of American Samoa Trial Division, seeking in part that AST Telecom associated Defendants clean all cable-related detritus on Plaintiffs' water and land and on the private Alega Marine Protected Area pursuant to local American Samoa Territorial pollution laws.  Plaintiffs allege that AST Telecom associated Defendants are in contempt of a November 12, 2020 court order by the presiding Chief Justice in HCLT 28-2020 to clean all of AST Telecom associated Defendants' cable-related detritus and Defendants have failed to date to clean any of AST Telecom associated Defendants' pollution.  Plaintiffs have sought to voluntarily withdraw the counterclaim relating to the pollution on the private Alega Marine Protected Area from the  HCLT 28-2020, and HCCA 03-2021 litigations.

Plaintiffs have already sued ASTCA, ASPA and ASG associated Defendants by means HCCA 07-2021 High Court of American Samoa Trial Division, seeking in part that ASTCA, ASPA and ASG associated Defendants clean all cable-related and unused pole related detritus on Plaintiffs' water and land and on the private Alega Marine Protected Area pursuant to local American Samoa Territorial pollution laws.  ASTCA, ASPA and ASG associated Defendants have failed to date to clean any of ASTCA, ASPA and ASG associated Defendants' pollution.  The High Court has suspended all activity in HCCA 07-2021 pending final disposition of Plaintiff Steven Jay Pincus Hueter aka Tao Federal litigation 1:20-cv-03686-TNM PINCUS HUETER v. KRUSE et al, against Federal Defendant High Court of American Samoa Chief Justice L. Fritz Michael Kruse, and against Federal Defendant High Court of American Samoa Associate Justice Fiti Alexander Sunia.

### 1:21-cv-00077-JMS-KJM Pincus Hueter et al v. AST Telecomm LLC et al.

Plaintiffs are already suing some of the same Defendants via a proposed 4th  Amended Verified Complaint in 1:21-cv-00077-JMS-KJM Pincus Hueter et al v. AST Telecomm LLC et al.

## PLAINTIFFS SUE FOR LACK OF ACTION

**Defendants associated with the  American Samoa Environmental Protection Agency have failed to take any action to Plaintiffs' Notice of Intent to Sue.**

**Defendants associated with the  US Environmental Protection Agency have failed to take any action to Plaintiffs' Notice of Intent to Sue.**

**Defendants associated with the  Department of the Interior have failed to take any action to Plaintiffs' Notice of Intent to Sue.**

**Defendants associated with the  US Fish and Wildlife Service have failed to take any action to Plaintiffs' Notice of Intent to Sue.**

**Defendants associated with the ASG have failed to take any action to Plaintiffs' Notice of Intent to Sue.**

## November 12, 2020, Federal Defendant Chief Justice L. Fritz Michael Kruse Orders Defendant AST Telecom To Clean All Cable Related Pollution In Alega, Including On Alega Beach

On November 12, 2020, Federal Defendant Chief Justice L. Fritz Michael Kruse Orders Defendant AST Telecom to clean all of Defendant AST Telecom's cable related detritus in Alega, including on Alega Beach.  Alega Beach is part of the endangered and threatened species habitat of the Green and Hawksbill turtles, and is part of the private Alega Marine Protected Area.

## Federal Defendant Chief Justice L. Fritz Michael Kruse and Defendant James L. Mcguire Have Expressed Interest In Owning Land In Alega

Federal Defendant Chief Justice L. Fritz Michael Kruse has improperly expressed interest in owning land in Alega at a public Hearing on HCCA 28-2020.  Defendant James L. Mcguire has expressed interest in owning land in Alega, and has expressed interest in suing to gain access to the private beach in Alega, of the private Alega Marine Protected area, allegedly for the purpose of launching sailboats.  Defendant James L. Mcguire has expressed interest in using the private Alega beach, including for the purpose to launch recreational sailboats, with knowing, intentional, and

1  callous indifference, disregard, and disrespect of the fact that the Alega beach is an endangered

2  and threatened  species habitat for turtles, and that the Alega beach is part of the private Alega

3  Marine protected Area.

4  **Federal Defendant Chief Justice L. Fritz Michael Kruse had an illegal *ex-parte***

5  **communication With Defendant James L. Mcguire**

6  Federal Defendant Chief Justice L. Fritz Michael Kruse had an illegal *ex-parte*

7  communication in violation of the American Bar Association Judicial Code of Conduct, including

8  violation of Canon 2, Rule 2.9, by calling James L. McGuire to the bench for a private

9  conversation off the record at a Hearing in an action where Plaintiff is the President of Defendant

10  Alega Preservation Institute, a 501(c)(3) public charity - HCLT-28-2020 AST Telecom LLC d/b/a

11  Bluesky Communications vs. Alega Preservation Institute *et. al.* SEE APPENDIX [00]   James

12  McGuire is a legal practitioner that has been antagonistic towards Alega Preservation Institute, and

13  has openly sought access to the private beach in Alega.  The Federal Defendant Chief Justice L.

14  Fritz Michael Kruse has improperly voiced interest in obtaining land in Alega at a Hearing in

15  HCLT 28-2020.

16  The specific claims relating to Ex-Parte Communication are subject to the Related Case

17  1:21-CV-00226-JMS-KJM.

18  **Federal Defendant Chief Justice L. Fritz Michael Kruse Changes His Mind After**

19  **Talking To Defendant James L. Mcguire At The Bench And Orders No Cleanup Of**

20  **Alega Beach By Defendant AST Telecom**

21  After the illegal ex-parte conversation between Federal Defendant L. Fritz Michael

22  Kruse and Defendant James L. Mcguire at the bench at the March 31, 2021 Hearing in HCLT 28-

23  2020, Federal Defendant Chief Justice Kruse changes his position, and verbally Orders no cleanup

24  of pollution by the Defendant AST Telecom on the Alega beach.  The endangered and threatened

1  species habitat of the Green and Hawksbill turtles has been harmed by the continued pollution on

2  Alega Beach.   The endangered and threatened species Green and Hawksbill turtles have been

3  harmed by the continued pollution of their habitat on Alega Beach in the private Alega Marine

4  protected area.   By interfering with the cleanup of the Alega Beach, Federal Defendant L. Fritz

5  Michael Kruse and Defendant James L. Mcguire are liable for harm to the endangered and

6  threatened species habitat of the Green and Hawksbill turtles on Alega Beach.  By interfering with

7  the cleanup of the Alega Beach, Federal Defendant L. Fritz Michael Kruse and Defendant James

8  L. Mcguire are liable for harm to the endangered and threatened species of the Green and

9  Hawksbill turtles due to the continued pollution of their habitat on Alega Beach in the private

10  Alega Marine protected area.   Federal Defendant L. Fritz Michael Kruse and Defendant James L.

11  Mcguire have placed their personal interest in ownership of land in Alega above the public interest

12  of protecting the habitat of the endangered and threatened species of Green and Hawksbill turtles

13  on Alega beach.  Federal Defendant L. Fritz Michael Kruse and Defendant James L. Mcguire have

14  placed their personal interest in ownership of land in Alega above the public interest of protecting

15  the endangered and threatened species of Green and Hawksbill turtles on Alega beach in the

16  private Alega Marine Protected Area.

17  **Federal Defendant Chief Justice L. Fritz Michael Kruse Has Not Held Defendant**

18  **AST Telecom In Contempt Of The November 12, 2020 Cleanup Order**

19  To date, Federal Defendant Chief Justice has not held Defendant AST Telecom in

20  contempt of the November 12, 2020 cleanup order despite the fact the AST Telecom has not

21  cleaned any of Defendant AST Telecom's pollution in Alega, including Defendant AST

22  Telecom's pollution on the endangered and threatened species Green and Hawksbill turtles habitat

23  on Alega Beach in the private Alega Marine Protected Area.

1    **May 11, 2021 Is The Deadline That Defendant AST Telecom Has Agreed To Remove**

2    **All Functional Telecom Cables and Equipment From Alega**

3    Defendant AST Telecom LLC has stated in writing before the High Court of American

4    Samoa that they will remove all of AST Telecom's functional telecom related cables and

5    equipment from Alega.  Plaintiff Chief Faamuli Pete Faamuli had in February, 2021 Demanded

6    that AST Telecom's functional telecom related cables and equipment from Alega on or before

7    May 11, 2021.   The November 12, 2020 Status Quo Order in HCLT 28-2020 relating to

8    functional AST Telecom cables and equipment expires on or about May 11, 2021.

9

10    **C. Where did the events giving rise to your claim(s) occur?**

11    The Territory of American Samoa, including within the official private Alega Marine and

12    Wildlife Sanctuary and Reserve on its land and in its waters, and the private Alega Marine Protected

13    Area in the Village of Alega, and including on the land and waters of the privately and communally

14    owned and managed land of the individual Samoan Plaintiffs in the Village of Alega, American

15    Samoa.

**SUMMARY OF MPA PROGRAMS**
There are several agencies involved in MPA management and planning in American Samoa. Here we provide a brief summary of these programs and their objectives in American Samoa. They are separated into those that are exclusively Territorial in management authority and those that are co-managed by Territorial and Federal agencies.

Other Territorial MPAs
Two additional MPAs are present in American Samoa but are not part of the formal programs listed above. One is a private reserve established in 1985 at Alega Bay by a local restaurant owner, Tisa Fa'amuli. This reserve is hereafter referred to as Alega Private Marine Reserve. The other is a small marine park adjacent to the Ofu unit of the National Park that was established by territorial legislation in 1994 to protect the "unique coral reef wildlife habitat while enabling the public to enjoy the natural beauty of the site" (ASCA § 18.0214). At present time the Ofu Vaoto Territorial Marine Park has no enforcement, monitoring, or management plan.

16

**Table 5.1.** Existing MPAs in American Samoa as of January 2011.

| MPA Program/Type | Level of Government | Management Authority | Sites (No., Locations) |
|---|---|---|---|
| Community-Based Fisheries Management Program | Territorial | DMWR, villages | 11: Alofau, Amanave, Amaua & Auto, Aoa, Aua, Fagamalo, Masausi, Matu'u & Faganeanea, Po-loa, Sailele, Vatia |
| Marine National Monuments | Federal | NOAA, USFWS | 1: Rose Atoll |
| National Marine Sanctuaries | Federal/Territorial Co-Managed | NOAA, ASDOC | 1: Fagatele Bay |
| National Park of American Samoa | Federal | AS NPS | 3: Ofu, Ta'u, Tutuila |
| National Wildlife Refuge System | Federal | USFWS | 1: Rose Atoll |
| No-Take MPA Program | Territorial | DMWR | 1: Fagamalo |
| Private Marine Reserves | Private | Alega village | 1: Alega Bay |
| Special Management Areas | Territorial | ASCMP, villages | 3: Leone Pala, Nu'uuli Pala, Pago Pago Harbor |
| Territorial Marine Parks | Territorial | DPR, DMWR | 1: Ofu |

1

## METHODS
### Inventory of existing MPAs

Working with local MPA practitioners, the American Samoa Coastal Zone Management Program, and Island GIS User Group, we obtained boundary maps (GIS shapefiles) and implementation documents for the 23 MPAs existing in American Samoa as of January 2011. This included eleven Community-Based Fisheries Management Program (CFMP) Reserves, one No-Take MPA, one Marine National Monument (MNM), one National Wildlife Refuge (NWR), one National Marine Sanctuary (NMS), three National Park units, one private marine reserve, three Special Management Areas (SMAs), and one Territorial Marine Park (Figure 5.1, Table 5.1, Appendix D).



**Figure 5.1.** Existing MPAs in American Samoa as of January 2011.

2

Chapter 5 - Marine Protected Areas

**RESULTS: SITE CHARACTERIZATIONS**

<u>Territorial MPAs</u>

**Alega Private Marine Reserve**

*Overview*
Alega Private Marine Reserve is located in the southeast of Tutuila in Alega Bay and extends from Vaiola Point to Tifa Point (Figure 5.4). It was initiated by Tisa Fa'amuli in 1985 to protect the coral reef ecosystem in Alega Bay from overfishing and other destructive practices. By maintaining a low level of subsistence fishing,



**Figure 5.4.** Benthic habitat (by structure type) and fish and coral survey data within Alega Private Marine Reserve. Coral cover, coral richness, fish biomass, and fish richness values at each survey site are classified as high (red shading), medium (pink shading), or low (white shading). Grey shading indicates variables with no data at a given site. Fish and coral survey data are from ASEPA, KRS, and REA.

1

2  (See Attached Appendix A – The Existing Network of Marine Protected Areas in American

3  Samoa)

1      _____

2          **D.  What date and approximate time did the events giving rise to your claim(s)**
3              **occur?**

4

5          **Illegal Pollution By Defendants AST Telecom, ASTCA, And ASPA In Alega**

6

7              For at least 10 years that the corporate Defendant AST Telecom LLC d/b/a Bluesky

8      Communications has provided telecommunication service as a FCC licensed common carrier, and

9      government Defendant ASTCA has provided telecommunication service as a FCC licensed common

10     carrier, and the government Defendant ASPA has provided electric power service in American Samoa,

11     said Corporate and Government Defendants, and individuals associated therewith, have polluted with

12     unused telecom cables and cable-related equipment and associated unused telecom related utility

13     poles, in Alega, and polluted in the private Alega Marine Protected Area, and polluted in the Samoan

14     Plaintiffs' land and water, including polluting in the private Alega Marine Protected Area; and

15     polluting the endangered and threatened species habitat on Alega Beach in the private Alega Marine

16     Protected Area.

17             For at least 10 years, the Defendant American Samoa Government, and individual Defendants

18     associated with the Defendant American Samoa Government have by action or inaction, intentional,

19     knowing disregard or negligence, permitted or allowed, or failed to take any action to prevent or

20     remedy the pollution by Government Defendant ASTCA and Government Defendant ASPA, and

21     individual Defendants associated therewith, who have polluted with unused telecom cables and cable-

22     related equipment and associated unused telecom related utility poles, in Alega, and polluted in the

23     private Alega Marine Protected Area, and polluted in the Samoan Plaintiffs' land and water, including

24     polluting in the private Alega Marine Protected Area; and polluting the endangered and threatened

25     species habitat on Alega Beach in the private Alega Marine Protected Area.

**48 U.S. Code § 1705. Tidelands, submerged lands, or filled lands**

**(a)CONVEYANCE TO GUAM, THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, VIRGIN ISLANDS, AND AMERICAN SAMOA**

Subject to valid existing rights, all right, title, and interest of the United States in lands permanently or periodically covered by tidal waters up to but not above the line of mean high tide and seaward to a line three geographical miles distant from the coastlines of the territories of Guam, the Commonwealth of the Northern Mariana Islands, the Virgin Islands, and American Samoa, as heretofore or hereafter modified by accretion, erosion, and reliction, and in artificially made, filled in, or reclaimed lands which were formerly permanently or periodically covered by tidal waters, are hereby conveyed to the governments of Guam, the Commonwealth of the Northern Mariana Islands, the Virgin Islands, and American Samoa, as the case may be, to be administered in trust for the benefit of the people thereof.

Pursuant to 48 U.S.C. § 1705, the ASG does not have right to administer the private beach or tidal area of Alega, as the current Sa'O, Plaintiff Chief Faamuli  has valid existing rights to all of Alega Village, due in part to ownership of Alega Village land and water as communal land due to the rights won in a 1944 litigation **TUAFILI of Fagaitua, TUITELE of Leone, and LE'IATO of Fagaitua, Plaintiffs v.  TAAPE FAAMULI of Alega, Defendant [Land: "Alega" in Alega]** Series: 2ASR | Year: 1944 | 2ASR155 (See Appendix [D])   Plaintiff Faamuli respectfully requests a Declaration of Rights that the ASG does not have the right to administer the beach or tidal area of Alega, permanently or periodically covered by tidal waters up to but not above the line of mean high tide, as heretofore or hereafter modified by accretion, erosion, and reliction, and in artificially made, filled in, or reclaimed lands which were formerly permanently or periodically covered by tidal waters. **Declaration Of Rights** Plaintiff Chief Faamuli respectfully requests a Declaration of Rights that the Sa'O of Alega, who is currently Plaintiff Chief Faamuli has valid existing rights to the land and water in Alega Village, and that Defendant American Samoa Government does not have the right to administer the beach or tidal area of Alega, permanently or periodically covered by tidal waters up to but not above the line of mean high tide, as heretofore or hereafter modified by accretion, erosion, and reliction, and in artificially made, filled in, or reclaimed lands which were formerly permanently or periodically covered by tidal waters.

# Taape; Tuafili v.

Series: 2ASR | Year: 1944 | 2ASR155

**TUAFILI of Fagaitua, TUITELE of Leone, and**

**LE'IATO of Fagaitua, Plaintiffs**

**v.**

**TAAPE FAAMULI of Alega, Defendant**

**[Land: "Alega" in Alega]**

**High Court of American Samoa**

**Civil Jurisdiction, Trial Division**

**No. 16-1944**

**December 15, 1944**

_____

Application to register land in Alega Village. Trial Jurisdiction of the High Court, Chief Justice Wyche, held that lands were communal family property of applicants because their traditional claims of ownership were corroborated by evidence of clearing land from virgin bush, planting land, and continuous possession.

Judgment for Defendant.

**1. Real Property-Communal Family Land-Limitations on Matai's Power**

Matai cannot convey land unless he complies with legislation on alienation of native lands.

**2. Real Property-Quieting Title-Evidence of Ownership Generally**

1/4

1

2

Where there is conflicting and contradictory evidence concerning ownership of land before cession to United States, court will look to corroborating evidence; and evidence of clearing land from bush, planting it, and then holding possession corroborates claim of ownership under tradition.

———————

C. G. WYCHE, *Chief Justice*, LIUFAU, *District Judge*, and MULI, *District Judge*.

**ORDER**

On 4 August 1944, Taape Fuamuli of Alega Village offered for registration of title a certain piece, parcel, and tract, of land known as "Alega" together with a survey thereof made by one, A. Narruhn, on 2 August 1944. Due notice of the application for registration was published by the Attorney General on 4 August 1944 as is shown by the return of Poyer, Marshall of the High Court. Within due time, Tuafili of Fagaitua, Tuitele of Leone, and Le'iato of **[2ASR156]** Fagaitua, filed objection to the registration of this land by Taape Faamuli and each one of the objectors now claims that he is the true owner of the property known as "Alega". The High Court, consisting of the Chief Justice, District Judge Liufau, and District Judge Muli, was convened to try the issues involved. A hearing was commenced on 13 December 1944 and concluded on 15 December 1944. At the conclusion of the testimony, the court held a conference in the office of the Chief Justice, and thereafter in open court announced its decision in favor of Taape Faamuli of Alega village. The Chief Justice stated that a written opinion would be filed at a later date.

**[1]** There exists in Samoa what is known as the matai system of land ownership. Under this system, most of the land on the island of Tutuila is known as community lands and the title is held by a matai or head of the family for the benefit of all the members of that family. Since the establishment of the Government of American Samoa, certain restrictions have been laid down as to the alienation of community lands. Before a matai of the family can transfer, deed, or alienate any family lands, he must comply with the rules as laid down in the Codification.

This case presents, however, an unusual situation in which each one of the claimants to the land known as "Alega" traces his title by tradition back to a time prior to the establishment of the Government of American Samoa. Under these circumstances we must take into consideration the laws and customs of the people prior to the establishment of the present Government.

Tuitele of Leone, claims that the land known as "Alega" belongs to the Tuitele family by way of a gift from High Chief Le'iato "as a return for the courtesies and services which were rendered to him by our family during the occupying of Leone village in the olden days. "He claims this gift was made about 14 years prior to the establishment of **[2ASR157]** the Government and that his family has held the title since that time. He also testified that according to the Samoan customs at that time, when land was given by a High Chief to another that time, when land was given by a High Chief to another that such a gift should and must be recognized. He, therefore, bases his claim upon a tradition in his family to the effect that this land was given to his family by a former High Chief Le'iato. Tuitele of Leone, further claims that after this gift was made he sent Taufili, a member of his family, to Fagaitua, in order that he could look after the land known as "Alega". This is emphatically denied by the claimant Taufili of Fagaitua.

High Chief Le'iato of Fagaitua, testified that according to the tradition in his family, the Le'iato family came into possession of the land in dispute in 1887, thirteen years before the establishment of the Government of American Samoa, and either prior to, or at the time of, the civil war known as the Puletua Government. He claims that the High Chief of his family had never given away any of the lands owned by the title.

1

2

Tuafili of Fagaitua, bases his claim to ownership of this property upon a gift from High Chief Le'iato, according to a tradition in his family, which gift he alleges was based upon a similar consideration as that claimed by Tuitele of Leone, to wit, certain services rendered by his family to High Chief Le'iato.

Taape Faamuli of Alega claims that according to the tradition in his family the property known as "Alega" was conveyed to his grandfather Faatauvaa by way of gift and the consideration was similar to that claimed by Tuitele of Leone and Tuafili of Fagaitua, to wit, certain services and courtesies rendered to one of the former holders of the title Le'iato. Upon the death of Faatauvaa the property descended to his son, Taape Faamuli, matai and father of the present Taape Faamuli who is now asking that this property be registered in his name. Under this tradition of title, **[2ASR158]** the present Taape Faamuli went into possession of Alega more than thirty years ago and he has been in open continuous adverse possession, since that time.

**[2]** The evidence is conflicting and each claimant contradicts the other. Under such circumstances the court is compelled to look for corroborating evidence which is uncontradicted. The outstanding fact which corroborates Taape Faamuli in his claim is that he went into possession of this land more than thirty years ago when it was nothing but what is commonly called, "the bush," which means that no crops or plantations were on the land at that time. Since Taape Faamuli took possession of the land he has planted coconut trees, breadfruit trees and other plantations for the use of his family and he denies that he has rendered services to anyone since he occupied this land.

Taape Famuli, by the "sweat of his brow" and the work and labor of the members of his family, has given value to this land known as "Alega". There is no evidence that any one of the other claimants has down [sic] anything to build up the land or improve the property, and there is very little evidence, if any, that anyone of the other claimants has asserted or openly claimed title to the property. Taape Faamuli has held actual possession for more than thirty years.

Under all the evidence in the case, the court makes the following

### FINDINGS OF FACTS:

(1) That according to the true family tradition as proved in this case, the land known as "Alega" was given to Faatauvaa by a former holder of the title Le'iato, prior to the establishment of the Government of American Samoa in consideration of certain services and courtesies rendered by Faatauvaa. **[2ASR159]**

(2) That Taape Faamuli, the father of the claimant Taape Faamuli, inherited the land known as "Alega" from his true father Faatauvaa and held the title to this property until he authorized his son Taape Faamuli to go into possession thereof more than thirty years ago; and this is the true tradition of the title to the property known as "Alega".

(3) That Taape Faamuli has been in open, notorious, and adverse possession of the land known as "Alega" for more than thirty years and has not rendered services to any matai or chief during that time by reason of the possession and occupation of this land.

(4) That none of the objectors, to wit, Toafili of Fagaitua, Le'iato of Fagaitua, nor Tuitele of Leone, has any right title or interest in the property known as

"Alega".

(5) That by reason of the true tradition of the title and on account of open, notorious, and adverse possession, the claimant known as Taape Faamuli is the true and legal holder of the title to the property known as "Alega" for the benefit of himself, the members of his family and his heirs and assigns forever.

3/4

1

2

It is ORDERED, ADJUDGED AND DECREED that Taape Faamuli of Alega, be allowed to register the title to the property known as "Alega" in his own name for the sole benefit of himself, the members of his family and his heirs, and assigns forever.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the cost of this case be fixed at fifty ($50.00), dollars and that each of the objectors, to wit, Toafili of Fagaitua, Tuitele of Leone, and Le'iato of Fagaitua, shall pay one-third of the court cost.

The property referred to in this decree is described as follows: **[2ASR160]**

"For Point of Beginning commence at an iron pill set on the south side of the Main East-West Highway at a point which lies 21,500 feet more or less when measured in a straight line, and in an Easterly direction from Breakers Light, and being further described as bearing S. 66° 16′ W. from North Pioa.

From said Point of Beginning run thence N. 38° 39′ E., crossing the aforementioned Main East-West Highway, a distance of 640.41 feet to a point; run thence N. 38° 40′ W. a distance of 640.22 feet to a point; run thence N. 63° 26′ W. a distance of 1118.05 feet to a point; run thence West, a distance of 2000.00 feet to a point; run thence S. 26° 34′ E. a distance of 1118.05 feet to a point; run thence South 1500.13 feet to a point; run thence S. 25° 46′ E., crossing the said Main East West Highway, a distance of 906.08 feet to an iron pin; continue thence S. 25° 46′ E. a distance of 75 feet more or less to the shoreline; run thence in a Northerly and then in an Easterly direction, following the shoreline, a distance of 4200 feet more or less to a point which lies S. 38° 39′ E, a distance of 15 feet more or less to the Point of Beginning.

Excepting from the land thus described that part which lies within the Right-of-Way of a Public Road, known as the Main East West Highway."

The above described land contains 107.91 acres more or less.

All bearings given above refer to the TRUE MERIDIAN.

**********

1

2

C.  **What are the facts underlying your claim(s)?**

**<u>PLAINTIFFS SUE FOR LACK OF ACTION</u>**

**Defendants associated with the  American Samoa Environmental Protection Agency have failed to take any action to Plaintiffs' Notice of Intent to Sue.**

**Defendants associated with the  US Environmental Protection Agency have failed to take any action to Plaintiffs' Notice of Intent to Sue.**

**Defendants associated with the  Department of the Interior have failed to take any action to Plaintiffs' Notice of Intent to Sue.**

**Defendants associated with the  US Fish and Wildlife Service have failed to take any action to Plaintiffs' Notice of Intent to Sue.**

**Defendants associated with the  American Samoa Government have failed to take any action to Plaintiffs' Notice of Intent to Sue.**

(See Attached Appendix A – Existing Network of Marine Protected Areas in American Samoa)

a)  **Defendant AST Telecom LLC d/b/a Bluesky Communications ("AST"), and Defendant AST's Officers, Employees, Agents, or Members Of The Board Of Directors**

For all of the years that the AST Telecom LLC d/b/a Bluesky Communications

Defendant has provided telecommunications service as a FCC licensed common carrier

in American Samoa, and left pollution on Plaintiff's land and water, Defendants have

injured Plaintiffs by:

i)        Improperly leaving hazardous, unused, cable-related material and debris and

pollution on Plaintiffs' trees, on Plaintiffs' land and water, and on the official

private Alega Marine and Wildlife Sanctuary and Reserve, and on the land and

water of the private Alega Marine Protected Area in Alega Bay, and polluting

the endangered and threatened species habitat in the private Alega Marine

Protected Area.

**b)  Defendant ASTCA, and Defendant ASTCA's Officers, Employees, Agents, or Members Of The Board Of Directors**

For all of the years that the American Samoa Government Telecommunications Authority Defendant has provided telecommunications service as a FCC licensed common carrier in American Samoa, and left pollution on Plaintiff's land and water, Defendants have injured Plaintiffs by:

i)      Improperly leaving hazardous, unused, cable-related material and debris and pollution on Plaintiffs' trees, on Plaintiffs' land and water, and on the official private Alega Marine and Wildlife Sanctuary and Reserve, and on the land and water of the private Alega Marine Protected Area in Alega Bay, and polluting the endangered and threatened species habitat in the private Alega Marine Protected Area.

**c)  Defendant ASPA, and Defendant ASPA's Officers, Employees, Agents, or Members Of The Board Of Directors**

For all of the years that the American Samoa Government Power Authority Defendant has provided electrical power service in American Samoa, and left pollution on Plaintiff's land and water, Defendants have injured Plaintiffs by:

i)      Improperly leaving hazardous, unused, utility pole related material and debris and pollution on Plaintiffs' land and water, and on the official private Alega Marine and Wildlife Sanctuary and Reserve, and on the land and water of the private Alega Marine Protected Area in Alega Bay and polluting the endangered and threatened species habitat in the private Alega Marine Protected Area.

**d)  Defendant American Samoa Government and Individual Defendants Associated With The American Samoa Government: Defendant Former Governor Lolo Matalasi Moliga, Defendant Former Lt. Governor and Present**

1    **Governor Lemanu Palepoi Sialega Mauga, Defendant Former Attorney**

2    **General and Present Lt. Governor Talauega Eleasalo Va'alele Ale, Defendant**

3    **former Executive Assistant to Governor of American Samoa Iulogologo**

4    **Joseph Pereira, Defendant former Chief of Staff of the Governor of American**

5    **Samoa Fiu J. Saelua, Defendant Chief of Staff of the Governor of American**

6    **Samoa Tuimavave Tauapai Laupola, Defendant present Attorney General of**

7    **American Samoa, Fainu'ulelei Falefatu Alailima Utu,  Defendant former**

8    **Attorney General of American Samoa Mitzie Jessop Ta'ase**

9        i)    For all of the months and years that the present and former Defendant

10   American Samoa Government, and individual Defendants associated with

11   the Defendant American Samoa Government have failed to act and failed

12   to prevent, or allowed Defendant American Samoa Power Authority

13   Defendant (ASPA) to pollute in Alega.

14       ii)    For all of the months and years that the present and former Defendant

15   American Samoa Government, and individual Defendants associated with

16   the Defendant American Samoa Government have failed to act and failed

17   to prevent, or allowed Defendant American Samoa Telecommunications

18   Authority Defendant (ASTCA) to pollute in Alega.

19       iii)    For all of the months and years that the present and former Defendant

20   American Samoa Government, and individual Defendants associated with

21   the Defendant American Samoa Government have failed to act and failed

22   to prevent, or allowed Defendant AST Telecom LLC d/b/a Bluesky

23   Communications (AST Telecom) to pollute in Alega.

24

25

1

**e)   Defendant Secretary of the Interior**

2    Plaintiffs seek to compel the Secretary to apply, pursuant to section 1535(g) (2)

3    (B) (ii) of the **16 U.S.C. Endangered Species Act**, the prohibitions set forth in

4    or authorized pursuant to section 1533(d) or 1538(a) (1) (B) of this title with

5    respect to the taking of any resident endangered species or threatened species

6    within any State.

7    Plaintiff seeks to compel the Secretary, as applicable, to apply the prohibitions

8    set forth in the 40 C.F.R. et seq, Environmental Protection Laws

9    and Other Federal Anti-Pollution and Environmental Protection Laws (40 C.F.R. et

10   seq)  and Endangered Species Protection Laws (16 U.S.C. Sections 1531-1544

11   Endangered Species Act), and Marine Protection, Research and Sanctuaries Act

12   (MPRSA) (33 U.S.C. § 1401 et seq), and the Ocean Dumping Act (ODA), and

13   the 1988 Ocean Dumping Ban Act (P.L. 100-688, title I), and any other federal

14   law that apply to the present controversy for which the Secretary of the Interior

15   has a duty and obligation and authority to enforce.

16

**f)   Defendant US Fish and Wildlife Service, and Defendant Director**

17   Plaintiffs seek to compel the US Fish and Wildlife Service to apply, as

18   applicable, pursuant to section 1535(g) (2) (B) (ii) of the **16 U.S.C.**

19   **Endangered Species Act**, the prohibitions set forth in or authorized pursuant to

20   section 1533(d) or 1538(a) (1) (B) of this title with respect to the taking of any

21   resident endangered species or threatened species within any State.

22   Plaintiff seeks to compel the US Fish and Wildlife Service, as applicable, to

23   apply the  Endangered Species Protection Laws (16 U.S.C. Sections 1531-1544

24   Endangered Species Act), and Marine Protection, Research and Sanctuaries Act

1   (MPRSA) (33 U.S.C. § 1401 et seq), and any other federal law that apply to the

2   present controversy for which the US Fish and Wildlife Service have a duty and

3   obligation and authority to enforce.

4   **g)   Defendant American Samoa Environmental Protection Agency, and**

5   **Defendant Administrator**

6   Plaintiffs seek to compel the American Samoa Environmental Protection

7   agency, and Defendant Administrator to apply, as applicable federal

8   environmental protection law related to the present controversy, and to apply,

9   as applicable, to apply the prohibitions set forth in the 40 C.F.R. et seq,

10   Environmental Protection Laws and Other Federal Anti-Pollution and

11   Environmental Protection Laws (40 C.F.R. et seq)  and Endangered Species

12   Protection Laws (16 U.S.C. Sections 1531-1544 Endangered Species Act), and

13   Marine Protection, Research and Sanctuaries Act (MPRSA) (33 U.S.C. § 1401

14   et seq), and the Ocean Dumping Act (ODA), and the 1988 Ocean Dumping Ban

15   Act (P.L. 100-688, title I), and any other federal law that apply to the present

16   controversy for which the Defendants have a duty and obligation and authority

17   to enforce.

18   Plaintiff seeks to compel the Defendants, as applicable, to apply the

19   Environmental Protection laws that impact upon the Endangered Species

20   Protection Laws (16 U.S.C. Sections 1531-1544 Endangered Species Act), and

21   Marine Protection, Research and Sanctuaries Act (MPRSA) (33 U.S.C. § 1401

22   et seq), and any other federal law that apply to the present controversy for

23   which the Defendants have a duty and obligation and authority to enforce.

1    **h)   Defendant American Samoa Environmental Protection Agency, and**

2    **Defendant Administrator**

3    Plaintiffs seek to compel the US Environmental Protection agency, and

4    Defendant Administrator to apply, as applicable federal environmental

5    protection law related to the present controversy, and to apply, as applicable,

6    the prohibitions set forth in the 40 C.F.R. et seq, Environmental Protection Laws

7    and Other Federal Anti-Pollution and Environmental Protection Laws (40 C.F.R. et

8    seq)  and Endangered Species Protection Laws (16 U.S.C. Sections 1531-1544

9    Endangered Species Act), and Marine Protection, Research and Sanctuaries Act

10   (MPRSA) (33 U.S.C. § 1401 et seq), and the Ocean Dumping Act (ODA), and

11   the 1988 Ocean Dumping Ban Act (P.L. 100-688, title I), and any other federal

12   law that apply to the present controversy for which the Defendants have a duty

13   and obligation and authority to enforce.

14   Plaintiff seeks to compel the Defendants, as applicable, to apply the

15   Environmental Protection laws that impact upon the Endangered Species

16   Protection Laws (16 U.S.C. Sections 1531-1544 Endangered Species Act), and

17   Marine Protection, Research and Sanctuaries Act (MPRSA) (33 U.S.C. § 1401

18   et seq), and any other federal law that apply to the present controversy for

19   which the Defendants have a duty and obligation and authority to enforce.

20   **i)   Defendant L. Fritz Michel Kruse**

21   Plaintiffs sue Defendant L. Fritz Michael Kruse for interfering with the cleanup

22   of pollution on the beach of Alega and in the waters and tidal area of the habitat

23   of the endangered and threatened species of Green and Hawksbill turtles of the

private Alega Marine Protected Area.  Plaintiffs seek injunctive relief against
Defendant Chief Justice L. Fritz Michael Kruse.

  j) **Defendant James L. McGuire**

Plaintiffs sue Defendant James L. Mcguire for interfering with the cleanup of
pollution on the beach of Alega and in the waters and tidal area of the habitat of
the endangered and threatened species of Green and Hawksbill turtles of the
private Alega Marine Protected Area, and for damages.

**IV. Injuries**

i)   Plaintiffs suffered injuries and irreparable harm including harm to the official private
Marine and Wildlife Sanctuary and Reserve and harm to the private Alega Marine
Protected Area by Defendants' leaving pollution, and hazardous unused utility pole or
cable-related material and debris on Plaintiffs' water and land and on the private Alega
Marine Protected Area along the coast of Alega Village in American Samoa, and
polluting the endangered and threatened species habitat in the private Alega Marine
Protected Area.

**V. Relief**

**WHEREFORE**, Plaintiffs respectfully request that the Court grant the following relief:

<u>**Injunctive Relief**</u>

1.  That a permanent injunction issue against Defendant AST Telecom LLC d/b/a Bluesky
Communications and Defendant American Samoa Telecommunications Authority and
Defendant American Samoa Power Authority and Defendant American Samoa
Government enjoining Defendants, their agents, assigns, employees, and all persons
acting in concert with them

  a)  from leaving unused utility poles, equipment, cables, debris, refuse, or any other
hazardous material or pollution on Plaintiffs' land, plantation, trees, water, or

1  marine and wildlife sanctuary, reservation and reserve, and on the private Alega

2  Marine Protected Area, and polluting the endangered and threatened species habitat in

3  the private Alega Marine Protected Area; and

4  b)  from failing to clean and remove all unused utility poles, and cable-related debris and

5  unused material or pollution on Plaintiff's water and land along the coast of Alega

6  Village in American Samoa and from the water and land of the private Alega Marine

7  and Wildlife Sanctuary and Reserve, and private Alega Marine Protected Area, and

8  polluting the endangered and threatened species habitat in the private Alega Marine

9  Protected Area.

10  2.  That a permanent injunction issue against Defendant L. Fritz Michael Kruse and

11  Defendant James L. Mcguire, and all persons acting in concert with them, preventing

12  them from interfering with the cleanup of pollution on the land or in the waters of the

13  private Alega Marine Protected Area, and in the land and waters of the endangered and

14  threatened species Green and Hawksbill turtles habitat in the private Alega Marine

15  Protected Area.

16
17  Plaintiffs FURTHER respectfully request the following Relief:

18  1)  $4 Million, or as the Court deems appropriate, in Compensatory damages for the

19  illegal, negligent, willful, intentional, callous, indifferent, disrespectful and

20  purposeful leaving of unused equipment, cables, debris, refuse, or any other

21  hazardous material or pollution on Plaintiffs' land, plantation, trees, water, or

22  marine and wildlife sanctuary, reservation and preserve, and damage to Plaintiffs'

23  trees, land, waters, and protected marine and wildlife sanctuary, and irreparable

24  harm by leaving hazardous material, and debris for years on official protected land

25  and waters of the Plaintiffs' water and land, and on the Plaintiffs' private marine

1    and wildlife sanctuary, reserve and reservation, and on the private Alega Marine

2    Protected Area, and polluting the endangered and threatened species habitat in the

3    private Alega Marine Protected Area.

4      2) $4 Million, or as the Court deems appropriate, in Compensatory damages for the

5    illegal, negligent, willful, intentional, callous, indifferent, disrespectful and

6    purposeful leaving of unused utility poles, debris, refuse, or any other hazardous

7    material or pollution on Plaintiffs' land, plantation, water, or marine and wildlife

8    sanctuary, reservation and preserve, and damage to Plaintiffs' trees, land, waters,

9    and protected marine and wildlife sanctuary, and irreparable harm by leaving

10    hazardous material, and debris for years on official protected land and waters of the

11    Plaintiffs' water and land, and on the Plaintiffs' private marine and wildlife

12    sanctuary, reserve and reservation, and on the private Alega Marine Protected Area,

13    and polluting the endangered and threatened species habitat in the private Alega

14    Marine Protected Area.

15      3) $400 Million, or as the Court deems appropriate, in Punitive damages for the

16    illegal, negligent, willful, intentional, callous, indifferent, disrespectful, and

17    purposeful leaving of unused telecom related equipment, cables, debris, refuse, or

18    any other hazardous material or pollution on Plaintiffs' land, plantation, trees,

19    water, or marine and wildlife sanctuary, reservation and preserve, and damage to

20    Plaintiffs' trees, land, waters, and protected marine and wildlife sanctuary, and

21    irreparable harm by leaving hazardous material, and debris for years on official

22    protected land and waters of the Plaintiffs' water and land, and on the Plaintiffs'

23    private marine and wildlife sanctuary, reserve and reservation, and on the private

1    Alega Marine Protected Area, and polluting the endangered and threatened species

2    habitat in the private Alega Marine Protected Area.

3    4)  $400 Million, or as the Court deems appropriate, in Punitive damages for the

4    illegal, negligent, willful, intentional, callous, indifferent, disrespectful, and

5    purposeful leaving of unused utility poles, debris, refuse, or any other hazardous

6    material or pollution on Plaintiffs' land, plantation, water, or marine and wildlife

7    sanctuary, reservation and preserve, and damage to Plaintiffs' trees, land, waters,

8    and protected marine and wildlife sanctuary, and irreparable harm by leaving

9    hazardous material, and debris for years on official protected land and waters of the

10   Plaintiffs' water and land, and on the Plaintiffs' private marine and wildlife

11   sanctuary, reserve and reservation, and on the private Alega Marine Protected Area,

12   and polluting the endangered and threatened species habitat in the private Alega

13   Marine Protected Area.

14   5)   $200,000, or as the Court deems appropriate, against Defendant L. Fritz Michael

15   Kruse and against Defendant James L. Mcguire in Compensatory damages for the

16   illegal, negligent, willful, intentional, callous, indifferent, disrespectful, and

17   purposeful interference with the cleanup of unused telecom cables or telecom

18   equipment or utility poles, debris, refuse, or any other hazardous material or

19   pollution on Plaintiffs' land, plantation, water, or marine and wildlife sanctuary,

20   reservation and preserve, and damage to Plaintiffs' trees, land, waters, and

21   protected marine and wildlife sanctuary, and irreparable harm by interfering with

22   the cleanup of hazardous material, and debris for years on official protected land

23   and waters of the Plaintiffs' water and land, and on the Plaintiffs' private marine

24   and wildlife sanctuary, reserve and reservation, and on the private Alega Marine

Protected Area, and interfering with the cleanup of the pollution of the endangered and threatened species habitat in the private Alega Marine Protected Area.

6) $2 Million, or as the Court deems appropriate, against Defendant L. Fritz Michael Kruse and against Defendant James L. Mcguire in Punitive damages for the illegal, negligent, willful, intentional, callous, indifferent, disrespectful, and purposeful interference with the cleanup of unused telecom cables or telecom equipment or unused utility poles, debris, refuse, or any other hazardous material or pollution on Plaintiffs' land, plantation, water, or marine and wildlife sanctuary, reservation and preserve, and damage to Plaintiffs' trees, land, waters, and protected marine and wildlife sanctuary, and irreparable harm by interfering with the cleanup of hazardous material, and debris for years on official protected land and waters of the Plaintiffs' water and land, and on the Plaintiffs' private marine and wildlife sanctuary, reserve and reservation, and on the private Alega Marine Protected Area, and interfering with the cleanup of the pollution of the endangered and threatened species habitat in the private Alega Marine Protected Area.

7) Declaratory Relief:

## **Declaration Of Rights**

A) Plaintiff Chief Faamuli Pete Faamuli respectfully request a Declaration of Rights that the Sa'O of Alega who is currently Plaintiff Chief Faamuli Pete Faamuli has valid existing rights to land and water in Alega.

B) Plaintiff Chief Faamuli Pete Faamuli respectfully request a Declaration of Rights that the Defendant American Samoa Government does not have the right to administer the beach or tidal area of Alega, permanently or periodically covered by tidal waters up to but not above the line of mean high tide, as

1     heretofore or hereafter modified by accretion, erosion, and reliction, and in

2     artificially made, filled in, or reclaimed lands which were formerly permanently

3     or periodically covered by tidal waters.

4   8) Defendants pay Plaintiffs' Reasonable Costs and Expenses relating to this

5     controversy.

6   9) Defendants pay the Plaintiffs the reasonable equivalent of Attorney Fees relating to

7     this controversy.

8   10) Further relief as the Court deems just and proper.

9   11) Any relief not specifically requested in this Verified Complaint, that is legally

10     allowed; and/or as this Court deems just and proper.

28



11

12   ASPA DETRITUS – ON LAND OF PRIVATE ALEGA MARINE PROTECTED AREA



1

2   ASTCA DETRITUS – FROM TIDAL AREA OF PRIVATE ALEGA MARINE SANCTUARY

18



19



1



26



1
2
3    AST TELECOM DETRITUS – ON LAND AND TIDAL AREA – ENDANGERED AND

4    THREATENED SPECIES HABITAT OF PRIVATE ALEGA MARINE PROTECTED AREA

5    (See Attached Appendix B – Bluesky Detritus, prepared for HCLT 28-2020)

6
7
8
9
10
11
12
13
14

## FURTHER DETAILED PERTINENT FACTS AND SPECIFIC ALLEGATIONS

### Defendants Have Been Flagrantly Polluting The Environment And

### Harming Endangered Species In The Private Alega Marine Protected Area For Years

Plaintiffs maintain that the Defendants have been in clear, obvious, knowing, intentional, willful, flagrant, callous, indifferent, and disrespectful violation of local laws, including flagrantly polluting the environment and harming endangered species in the private Alega Marine Protected Area, and polluting the endangered and threatened species habitat in the private Alega Marine Protected Area, for years, to the injury of the Plaintiffs, including but not limited to:

a) improperly polluting the Plaintiffs' land and water along the coast of Alega Village in American Samoa with unused decomposing utility poles or unused cable-related debris and unused cable-related material, and polluting the endangered and threatened species habitat in the private Alega Marine Protected Area, and

b) improperly polluting the land and water of Plaintiffs' official private Marine and Wildlife Sanctuary and Reserve, and on the land and water of Plaintiff's private Alega Marine Protected Area along the coast of Alega Village in American Samoa, with unused utility poles or cable-related debris and unused cable-related material, , and polluting the endangered and threatened species habitat in the private Alega Marine Protected Area, and

c) improperly polluting the Plaintiff's land and water along the coast of Alega Village in American Samoa and the private Alega Marine Protected Area, and harming the threatened Green Turtle (Chelonia mydas Linnaeus) and harming the endangered Hawkbill Turtle (Eretmochelys imbricata Linnaeus) species that nest therein by Defendants' improper leaving government pollution of unused utility poles or cable-related debris and unused cable-related material on the protected habitat of the threatened and endangered turtle

1 species, and polluting the endangered and threatened species habitat in the private Alega

2 Marine Protected Area, and.

3 d) improperly polluting the Plaintiff's land and water along the coast of Alega Village in

4 American Samoa, and the private Alega Marine Protected Area, and harming the marine

5 and wildlife species that habitat therein by Defendants' improperly leaving government

6 pollution of unused utility poles or cable-related debris and unused cable-related material

7 hanging cables on the protected habitat of marine and wildlife species, and polluting the

8 endangered and threatened species habitat in the private Alega Marine Protected Area.

9 (See Appendix C – Affidavits In Support)

10 **<u>Legal Standard</u>**

11 Plaintiffs respectfully state that Plaintiff's claims meet the legal standard for success on the

12 merits, and that Plaintiffs are likely to prevail on the merits at trial, that denying Plaintiff's relief to

13 stop corporate and government pollution by Defendants would lead to irreparable injury, and that

14 granting relief would not harm the public interest.  See Winter v. Natural Resources Defense

15 Council, Inc., 555 U. S. 7, 20 (2008). Because of the need to issue an order promptly, Plaintiffs

16 provides only a brief summary of the reasons why immediate relief is essential.

17 **<u>Likelihood of Success On The Merits</u>**

18 Plaintiffs makes a strong showing that the challenged actions of the Defendants clearly

19 violate Federal as well as local American Samoa territorial pollution laws that clearly prohibit

20 Defendants from polluting.  There is no legal basis for Defendants to pollute.

21 The Defendants' knowing, willful, intentional, callous, indifferent, and disrespectful

22 pollution have no merit and no legal justification.  Plaintiffs makes a strong showing that the

23 challenged actions of the Defendants clearly violate Federal and local Territory of American

24 Samoa anti-pollution laws.   Anti-pollution laws clearly prohibit Defendants from polluting

1    Plaintiffs' water and land and Plaintiff's official private Marine and Wildlife Sanctuary and

2    Reserve along the coast of Alega Village in American Samoa, and the private Alega Marine

3    Protected Area, and prohibit Defendants from harming the threatened and endangered species

4    whose habitats are included and protected therein, and polluting the endangered and threatened

5    species habitat in the private Alega Marine Protected Area.  There is no legal basis for Defendants

6    to violate Federal and local laws relating to the Defendants' leaving government pollution

7    associated with Defendants' unused utility poles, telecommunication cables, material, equipment

8    and debris on Plaintiff's water and land.  The Defendants' knowing, willful, and intentional

9    violations of local anti-pollution laws and callous, indifferent and disrespectful pollution and

10    damage to the environment, marine and wildlife, and harm to threatened and endangered species

11    and their habitat, and polluting the endangered and threatened species habitat in the private Alega

12    Marine Protected Area, have no merit and no legal justification.

13                  **Irreparable Harm**

14        There can be no question that the Defendants' corporate and government pollution of the

15    environment challenged by Plaintiffs, when allowed to continue by this Court, will continue to

16    cause irreparable harm, and have already caused Plaintiffs irreparable harm, in the context of the

17    present controversy, for years, including every year the Defendants have been in business on

18    American Samoa and polluting the land and water of the private Alega Marine Protected Area, and

19    polluting the endangered and threatened species habitat in the private Alega Marine Protected

20    Area.

21          **There Is No Compelling Interest For Defendants' Pollution**

22        There is no compelling interest for Defendants' violations of local and federal anti-

23    pollution laws, and damage to the environment, marine and wildlife, and harm to threatened and

24    endangered species and their habitat, and polluting the endangered and threatened species habitat

1   in the private Alega Marine Protected Area.  The water and land environment has been polluted

2   for years by Defendants, and the threatened and endangered species have been harmed for years

3   by Defendants' leaving of unused utility poles or cable-related debris and unused cable-related

4   material and equipment on Plaintiff's water and land and on Plaintiff's official private Alega

5   Marine and Wildlife Sanctuary and reserve, and the private Alega Marine Protected Area along

6   the coast of Alega Village in American Samoa, in violation of local and federal laws.

### Public Interest

9   Finally, Defendants are not able to show that granting the Plaintiff's applications will harm

10   the public. The Defendants cannot reasonably claim that permitting Defendants to knowingly,

11   intentionally, willfully, callously, indifferently, and disrespectfully pollute the environment, and

12   polluting the endangered and threatened species habitat in the private Alega Marine Protected

13   Area, are in the public interest.  To the contrary, it is in the public interest to prevent Defendants

14   from violating local anti-pollution laws and prevent Defendants from improperly polluting the

15   environment and harming threatened and endangered species and their habitat on Plaintiffs'

16   official private Alega Marine and Wildlife Sanctuary and Reserve, and the private Alega Marine

17   Protected Area, and polluting the endangered and threatened species habitat in the private Alega

18   Marine Protected Area.

19   For these reasons, Plaintiffs holds that Defendants' knowing, intentional, willful, callous,

20   indifferent, and disrespectful violations of local anti-pollution laws and pollution of the

21   environment and harm to the threatened and endangered marine wildlife and habitat, and polluting

22   the endangered and threatened species habitat in the private Alega Marine Protected Area must be

23   enjoined.  Plaintiffs respectfully requests an Order and Relief in Plaintiff's favor.

**VI. Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A. For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: ____**9/8**_____, 2021.

Signature of Plaintiff _____/s/ Chief Faamuli Pete Faamuli_____
Printed Name of Plaintiff:  Chief Faamuli Pete Faamuli

Date of signing: ____**9/8**_____, 2021.

Signature of Plaintiff _____/s/ Steven Jay Pincus Hueter aka Tao____
Printed Name of Plaintiff:  Steven Jay Pincus Hueter aka "Tao"

Date of signing: ___**9/8**_____, 2021.

Signature of Plaintiff _____/s/ Michael S. Kirk aka Candyman_____
Printed Name of Plaintiff:  Michael S. Kirk aka "Candyman"

1   **Verification**

2        I, Chief Faamuli Pete Faamuli, and I, Steven Jay Pincus Hueter aka Tao, and I,

3   Michael S. Kirk, aka Candyman, verify under penalty of perjury, that I have read the above

4   Complaint and its contents, and any attached Appendices.

5   I also verify, that to the best of my knowledge and recollection, the matters stated in the

6   Complaint and Appendices are true and correct.

7
8
9        Date of signing: ____**9/8**_____, 2021.

10
11       Signature of Plaintiff _____/s/ Chief Faamuli Pete Faamuli_____
12       Printed Name of Plaintiff:  Chief Faamuli Pete Faamuli
13

14

15       Date of signing: ____**9/8**_____, 2021.

16       Signature of Plaintiff _____/s/ Steven Jay Pincus Hueter aka Tao____
17       Printed Name of Plaintiff:  Steven Jay Pincus Hueter aka "Tao"

18

19

20       Date of signing: ___**9/8**_____, 2021.

21
22       Signature of Plaintiff _____/s/ Michael S. Kirk aka Candyman_____
23       Printed Name of Plaintiff:  Michael S. Kirk aka "Candyman"

24

25

26

27