IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN JAY PINCUS HUETER, AKA TAO, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> AST TELECOMM LLC, ET AL., <br><br> Defendants. | CIV. NO. 21-00377 JMS-KJM <br><br> ORDER DISMISSING (1) FEDERAL DEFENDANTS, (2) AMERICAN SAMOA GOVERNMENT DEFENDANTS, AND (3) DEFENDANT JAMES L. MCGUIRE |

# ORDER DISMISSING (1) FEDERAL DEFENDANTS, (2) AMERICAN SAMOA GOVERNMENT DEFENDANTS, AND (3) DEFENDANT JAMES L. MCGUIRE

## I. INTRODUCTION AND BACKGROUND

This case arises from a dispute over telecommunications detritus allegedly deposited within the Alega Marine Preserve ("Alega"), a private marine protected area in American Samoa, to the detriment of endangered hawksbill and green sea turtles. Plaintiffs, stewards of Alega, sue two classes of Defendants: "polluting Defendants," who Plaintiffs allege deposited detritus in the preserve; and "enforcing Defendants," government actors who Plaintiffs allege should have taken enforcement actions against the polluting Defendants.[1]

---

[1] The Verified Complaint also names as Defendants James L. McGuire, a private individual, and Lealaialoa Fritz Michael Kruse, Chief Justice of the High Court of American Samoa (with Justice Kruse being one of the "Federal Defendants," as described below). Plaintiffs now agree that both McGuire and Justice Kruse should be dismissed from this

(continued . . .)

The claims against the polluting Defendants remain pending and are in settling discussions.[2]  See ECF No. 172.  This Order addresses only the Motions to Dismiss filed by the enforcing Defendants.  The enforcing Defendants consist of:

(1) The U.S. Fish and Wildlife Service; the U.S. Environmental Protection Agency; Debra Haaland, the U.S. Secretary of the Interior; Martha Williams, Deputy Director of the U.S. Fish and Wildlife Service; and Michael Regan, the Administrator of the U.S. Environmental Protection Agency (collectively the "Federal Defendants"); and

(2) The American Samoa Government; the American Samoa Environmental Protection Agency ("ASEPA");[3] Lolo Matalasi Moliga, the former Governor of American Samoa; Lemanu Palepoi Sialega Mauga, the current Governor and former Lieutenant Governor of American Samoa; Talauega Eleasalo Vaalele Ale, the current Lieutenant Governor of American Samoa; Iulogologo Joseph Pereira, the former Executive Assistant to the

---

action.  See ECF Nos. 148-150, 172.  Given this concession, McGuire and Justice Kruse are DISMISSED.

[2] The polluting Defendants consist of AST Telecomm LLC d/b/a Bluesky Communications and certain of its officers and employees (the "AST Defendants"); the American Samoa Power Authority, its board of directors, and certain of its officers and employees (the "ASPA Defendants"); and the American Samoa Telecommunications Authority, and certain of its officers and employees (the "ASTCA Defendants").  See ECF No. 1 at PageID ## 1-4.

[3] The Verified Complaint lists the Defendants such that the American Samoa Government Defendants are grouped separately from the ASEPA Defendants.  This Order places the American Samoa Government Defendants and the ASEPA Defendants together.

Governor of American Samoa; Fiu J. Saelua, the former Chief of Staff of the Governor of American Samoa; Tuimavave Tauapai Laupola, the current Chief of Staff of the Governor of American Samoa; Fainuulelei Falefatu Alailima Utu, the Attorney General of American Samoa; Mitzie Jessop Taase, the former Attorney General of American Samoa; Faamao Asalele, the Administrator of the American Samoa Environmental Protection Agency; and Doe Defendants as "officers, employees, or agents" of the American Samoa Government (collectively the "ASG Defendants").

Plaintiffs seek to compel the enforcing Defendants (i.e., the Federal Defendants and the ASG Defendants) to enforce the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 et seq.; the Marine Protection, Research, and Sanctuaries Act ("MPRSA"), 33 U.S.C. § 1401 et seq.; and "any other federal law [sic] that apply to the present controversy." ECF No. 1 at PageID ## 40-42. The ASG Defendants filed a Motion to Dismiss on November 18, 2021, ECF No. 132, and the Federal Defendants filed a Motion to Dismiss on November 22, 2021, ECF No. 135. On January 27, 2022, Plaintiffs each filed a consolidated Opposition addressing both the ASG Defendants' Motion to Dismiss and the Federal Defendants' Motion to Dismiss: ECF No. 148 (Plaintiff Faamuli Pete Faamuli's Consolidated Opposition, through counsel); ECF No. 149 (Pro Se Plaintiff Steven Jay Pincus Hueter's Consolidated Opposition); and ECF No. 150 (Pro Se Plaintiff Michael S. Kirk's Consolidated Opposition). On February 3, 2022, the Federal Defendants filed a Reply, ECF No. 156, and the

ASG Defendants filed a Reply on February 4, 2022, ECF No. 159. A hearing was held on March 21, 2022. ECF No. 172. Because neither the Federal Defendants nor the ASG Defendants have mandatory duties to enforce federal environmental laws, Plaintiffs have no cause of action against them. Both the Federal Defendants and the ASG Defendants[4] are DISMISSED from this action.

## II. STANDARDS OF REVIEW

### A. Motion to Dismiss for Lack of Subject-Matter Jurisdiction

A federal court's subject-matter jurisdiction may be challenged by motion pursuant to Federal Rule of Civil Procedure 12(b)(1). "[The] party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) (per curiam).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Here, Defendants raise a facial attack—they "assert[] that the [Complaint's] allegations . . . are insufficient on their face to invoke federal jurisdiction." *Id.* The court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all

---

[4] The ASG Defendants and the ASTCA Defendants are represented by the same counsel and moved to dismiss jointly. *See* ECF No. 132. To be clear, the rulings in this Motion apply ONLY to the ASG Defendants. The claims against the ASTCA Defendants remain pending, and the court expresses no view at this time as to the ASCTA Defendants' arguments for dismissal.

reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient to invoke the court's jurisdiction. *See Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013). The court will dismiss a party's claim for lack of subject-matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e] [Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1).

**B.     Pro Se Plaintiffs**

Because Plaintiffs are proceeding pro se, the court liberally construes their Amended Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure [a] defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013). A court may, however, deny leave to amend where further amendment would be futile. *See, e.g.*, *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons, "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment").

5

## III. ANALYSIS

### A. Federal Defendants

Plaintiffs seek to compel the Federal Defendants to enforce two federal environmental statutes: the ESA and the MPRSA.[5] ECF No. 1 at PageID # 21; ECF No. 148 at PageID ## 1112-13. Both of these claims fail. In a case previously before this court, the same Plaintiffs unsuccessfully sought this same relief under the ESA and MPRSA against the same Defendants. *See Hueter v. Haaland*, 2022 WL 479794, at *4-8 (D. Haw. Feb. 16, 2022) (Civ. No. 21-00344 JMS-KJM). And Plaintiffs' claims here fail for the same reasons: this court has no authority to compel federal officers to carry out discretionary enforcement actions. *See id.*; *see also Heckler v. Chaney*, 470 U.S. 821, 830-31 (1985) (explaining that judicial review is not available to compel statutory enforcement actions because the decision to enforce is "committed to agency discretion by law"); *Bennett v. Spear*, 520 U.S. 154, 173-74 (1997) (explaining that the citizen suit provision of the ESA does not authorize suits to compel federal officers to carry out discretionary duties under the statute); *City & Cnty. of San Francisco v. U.S. Dep't of Transp.*, 796 F.3d 993, 1002 (9th Cir. 2015)

---

[5] Plaintiffs separately mention the "Ocean Dumping Act" and the "1988 Ocean Dumping Ban Act." *See, e.g.*, ECF No. 1 at PageID # 18. But these are merely alternative names for the MPRSA. 33 U.S.C. § 1401 et seq; *see also Nat'l Wildlife Fed'n v. Costle*, 629 F.2d 118, 120 (D.C. Cir. 1980).

("[A]n agency's decision not to enforce is analogous to prosecutorial discretion, an arena in which courts have traditionally not interfered.").[6]

### B.   American Samoa Government Defendants

Plaintiffs seek to compel the ASG Defendants to enforce the same federal environmental statutes. Again, precisely the same arguments have been raised by the same Plaintiffs and rejected by this court in a prior case. *See Hueter*, 2022 WL 479794, at *4 n.1. The ASG Defendants have neither the duty nor the authority to enforce the ESA or MPRSA. *See* 16 U.S.C. § 1540(e)(1) (vesting enforcement authority in the Secretary of the Interior and Secretary of Commerce); 33 U.S.C. § 1415(f) (vesting enforcement authority in the Secretary of the Army and Administrator of the Environmental Protection Agency).[7] And, in any case, none of these statutes affords Plaintiffs a cause of action to compel enforcement action. Plaintiffs' claims against the ASG Defendants also fail.[8]

---

[6] The Complaint also references the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq. *See* ECF No. 1 at PageID # 21. To the extent that Plaintiffs seek to compel the Federal Defendants to enforce CERCLA, this claim fails for the same reason, i.e., enforcement is discretionary. *See* 42 U.S.C. § 9659 (permitting citizen suits only against individuals alleged to be in violation of the act and officers of the United States who have failed to perform any act or duty under the statute "*which is not discretionary*") (emphasis added)).

[7] Again, to the extent Plaintiffs seek to compel enforcement of CERCLA, this argument fails for the same reasons. *See* 42 U.S.C. § 9604 (vesting enforcement authority in the U.S. Environmental Protection Agency).

[8] The ASG Defendants do not raise this argument in their Motion, focusing instead solely on personal jurisdiction. *See* ECF No. 132 at PageID # 1017. Nevertheless, because these same issues have previously been before the court and briefed by the same Plaintiffs, the court dismisses Plaintiffs' claims sua sponte for lack of subject-matter jurisdiction. *See*

(continued . . . )

## IV. **CONCLUSION**

For the foregoing reasons, Plaintiffs' claims against the Federal Defendants, the ASG Defendants, Justice Kruse, and Mr. McGuire are DISMISSED without leave to amend.  All of these Defendants are terminated from this case.  The court expresses no view on any arguments raised with respect to claims against the remaining Defendants.

IT IS SO ORDERED

DATED: Honolulu, Hawaii, March 29, 2022.



    /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Hueter et al. v. AST Telecomm et al.*, Civ. No. 21-00377 JMS-KJM, Order Dismissing (1) Federal Defendants, (2) American Samoa Government Defendants, and (3) Defendant James L. McGuire

---

*Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (courts may dismiss claims sua sponte for lack of jurisdiction); *Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.").  The court expresses no view on the matter of personal jurisdiction.